Joseph Robert DUGDALE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21789.

United States Court of Appeals Ninth Circuit.

Feb. 15, 1968.

 

J. B. Tietz (argued), Michael Hannon, Los Angeles, Cal., for appellant.

Roger A. Browning (argued), Asst. U. S. Atty., William Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before BARNES and MERRILL, Circuit Judges, and BELLONI, District Judge.

BELLONI, District Judge:

Appellant was convicted of refusing to submit to induction into the armed forces, in violation of 50 U.S.C. App. § 462. The district court's jurisdiction was founded on 18 U.S.C. § 3231, and our review is sought pursuant to 28 U.S.C. §§ 1291, 1294.

The record shows that the appellant, Joseph Robert Dugdale, has been registered with the local board of the Selective Service System (Board) since 1961. He completed two classification questionnaires without claiming exemption as a conscientious objector. On two occasions the Board classified him 1–A (available for military service) and notified him of his classification. No appeal was taken. On February 10, 1966, Dugdale was ordered to report for induction on February 23; however, the date of the induction was postponed. Dugdale was subsequently ordered to report for induction on October 18, 1966.

On October 3, 1966, four days after the induction notice was sent, the Board received from appellant a completed Selective Service Form 150 (a special form for conscientious objectors), claiming exemption from both combatant and noncombatant military service. On October 11, 1966, the local Board noted appellant's file: "Reviewed, no change, 3–0" and two days later informed him of its decision not to reopen his classification. Dugdale reported on October 18, 1966, but refused to take the ceremonial step forward signifying induction. He was indicted, found guilty, and sentenced to the custody of the Attorney General for a period of three years. It is from this conviction the appeal is taken.

Pursuant to the authority conferred by 50 U.S.C. App. § 460(b) (1),[1] the President has promulgated a regulation dealing with requests to reopen the classification of registrants who have been sent their induction notices:

"The local board may reopen and consider anew the classification of a registrant * * * upon the written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when a registrant was classified which, if true, would justify a change in the registrant's classification; * * * *provided the classification* * * * *of a registrant shall not be reopened after the local board has mailed to such registrant an order to report for induction* * * * *unless the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.*" 32 C.F.R. 1625.-2. (Emphasis added.)

This regulation clearly limits the instances in which the denial of conscientious objector claims may be appealed when such a claim is made after issuance of an induction notice.

Dugdale contends that the Board should have reopened and made a finding as to the date appellant's belief matured. The argument relies upon the rationale of United States v. Gearey, 368 F.2d 144 (2nd Cir. 1966), which holds that if a registrant's conscientious objector views mature after notice of induction is sent but before induction, this is such a "change of status" resulting from "circumstances over which [he has] no control" which would qualify him for exemption.

We do not necessarily accept the rationale of the *Gearey* case. See Boyd v. United States, 269 F.2d 607 (9th Cir. 1959), and Parrott v. United States, 370 F.2d 388 (9th Cir. 1966). But even if we did we could not reverse Dugdale's conviction here. It was incumbent upon Dugdale to submit statements and information which, if true, would be a basis for the change in classification. He was required to show a "change of status" occurring after receipt of the induction notice.[2] He did not do so.

On his special form for conscientious objectors, SSS Form 150, he stated that his views had been acquired through his home life, his contacts with acquaintances and friends, and his reading of literature. These views were demonstrated by comments to friends condemning violence and killing, and his request for classification as a conscientious objector. None of his reasons are consistent with any claim that his views matured or changed after receipt of the induction notice. In his transmittal letter with the form,[3] he explained his

1. That section provides that the President may:
"Prescribe the necessary rules and regulations to carry out the provisions of this title * * * *"

2. Even in a situation where SSS Form 150 is submitted prior to mailing of the induction notice, the form must present "a prima facie case for conscientious objector classification," to require the board to reopen. Stain v. United States, 235 F.2d 339 (9th Cir. 1956); Miller v. United States, Ninth Circuit Dec. 29, 1967, 388 F.2d 973. In the present case, SSS Form 150 was submitted after mailing of the induction notice and the board cannot exercise its discretion to reopen unless it can find a "change of status" as required by 32 C.F.R. 1625.2, supra.

3. This letter reads:
"October 3ed, 1966
"Local Board #135
2100 N. Main St.,
Santa Ana, Calif.
Gentlemen:
I am sending you the special form for conscientious Objectors.
I did not sent it to you earlier because I was ignorant of the laws and procedures.
I therefore want you to reopen.
Since I now live in Temple City I will go direct to the Induction Station, 1037 South Broadway, Los Angeles, at such time as it becomes necessary to do so for any reason.
Yours Truly:
Joseph R. Dugdale"

reasons for late filing to be not any change of status, but rather that he would have filed earlier had he known the rules—a reason effectively negating any contention that he filed the form because his views suddenly changed.

Looking at Form 150 from the Board's position on October 11, 1966, there was nothing to show that there was a change of status to be considered.[4] Thus, the action of the Board was the proper one, pursuant to 32 C.F.R. 1625.2, supra.

■ The only conceivable argument is that the Board should have known, from the filing of the conscientious objector form, that a change of status was being claimed. To hold that a mere filing of a form, regardless of its legal sufficiency, requires the Board to reopen, would seriously disrupt the Selective Service System. This is especially true when the form is not filed until after the induction notice has been received.

Affirmed.

---

4. It is noted that Dugdale has never, in any document or in any testimony in this record, pleaded that his views changed after receipt of the induction notice. He nevertheless urges that the Board should have made that determination.