**UNITED STATES of America,**
**Appellee,**

v.

**Fred Lyman CRALLE, Appellant.**

**No. 23400.**

United States Court of Appeals
Ninth Circuit.

Aug. 14, 1969.

Robert H. Green, Santa Ana, Cal., for appellant.

Wm. Matthew Byrne, Jr., U.S.Atty., Robert L. Brosio, Asst.U.S.Atty., Chief, Crim.Div., William J. Tomlinson, Roger A. Borwing, Asst.U.S.Attys., Los Angeles, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and THOMPSON,* District Judge.

JAMES M. CARTER, Circuit Judge:

Appellant by court trial was convicted of refusing to be inducted into the armed forces of the United States. He was sentenced to a term of three years, and appeals. We affirm.

Appellant raises five issues:

(1) Did the local Board deprive appellant of due process of law by requiring him to fill out the conscientious objector form at the counter of the Board?

---

* Bruce T. Thompson, United States District Judge, District of Nevada, sitting by designation.

(2) Did the Executive Secretary of the Board deny due process to the appellant by purportedly telling him he could have a hearing?

(3) Was the original order for induction effective even if unsigned?

(4) Was appellant entitled to a personal appearance before the Board?

(5) Is the classification questionnaire unconstitutional, and does the regulation directing registrants to complete it, violate due process of law?

This is another case of a "late" claim for classification as a conscientious objector. Appellant registered with the local board on February 3, 1966. On April 1, 1966, the Board received a completed classification questionnaire from the appellant. He did not sign Series VIII relating to a claim of conscientious objection.

On July 11, he was classified 1-A by the Board and notified of the classification. He did not appeal. On October 23, 1967, he was given an Armed Forces Physical Examination. At that time he did not claim status as a conscientious objector; he was found acceptable for service and so notified.

On January 5, 1968, appellant was mailed an order to report for induction on January 24, 1968. On January 23, 1968, the day before he was to report for induction, appellant came to the local board and requested a special form for conscientious objectors. The clerk requested he fill out Form 150 at the counter. The form had printed on it—

"This Form must be returned on or before

[blank]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[Ten days after mailing or issue]." However, the clerk placed on the form the words "Must be filled out at counter." In the Form 150 the appellant claimed exemption from combatant and non-combatant military service, stating he based his conscientious objection on a belief in God and discussions with friends.

The Board agreed to postpone his induction and on January 23, 1968 notice was mailed. On February 5, 1968 the Board reviewed appellant's file and the Form 150 he had submitted and refused to open the classification and reclassify the appellant. He was notified of the Board's action on February 8, 1968 and on February 9, was mailed notice to report for induction on February 20, 1968. He failed to report, notified the Board of transportation difficulties and on February 21, 1968, was directed to report for induction on February 23, 1968. He then reported and was processed and found qualified for induction. He refused to be inducted.

I

APPELLANT WAS NOT DEPRIVED OF DUE PROCESS OF LAW BY BEING REQUIRED TO FILL OUT FORM 150 AT THE COUNTER.

Appellant urges that Boswell v. United States (9 Cir. 1968) 390 F.2d 181, requires reversal. There the registrant was refused a conscientious objector form the day before his induction. It was held he was entitled to the form so that the board might determine whether to re-open his classification. The case is not controlling here. Form 150 was given to the appellant; it was completed and returned to the Board. His induction was postponed and his classification reviewed by the Board but not reopened.

The facts show that for the first time on the day before his induction he requested the conscientious objection form. The action of the clerk in requiring him to fill it out at the counter and then the action of the Board in postponing his induction, and giving consideration to the form, was reasonable. As the trial judge commented:

"At that time the Board required him to fill it out at the counter, and the reason for it is very obvious. It is because many of the men who want to evade the service take them home and

never return them and hold up the Board proceedings. This has been going on ever since I was U. S. Attorney during World War II. This is nothing new. * * *"

## II

### THE EXECUTIVE SECRETARY DID NOT DENY DUE PROCESS TO THE APPELLANT.

Appellant relies on testimony from the appellant's father that the Executive Secretary of the Board told appellant that if he were not a Jehovah's Witness or a Quaker, or a Seventh Day Adventist, he would not qualify as a conscientious objector, and that he would have an opportunity to appear before the Board. Appellant ignores testimony by the Executive Secretary to the contrary.

The case was tried by the court who resolved this factual question against appellant.

## III

### THE ORIGINAL ORDER FOR INDUCTION WAS EFFECTIVE EVEN IF UNSIGNED.

Appellant refers to the order to report for induction in the government file and points out it was unsigned. No further argument was addressed to the point. Appellant did not produce at the trial the order for induction mailed to him.

The fact that the order in the file was unsigned can be of no avail to the appellant. Kalpakoff v. United States, (9 Cir. 1954) 217 F.2d 748, presented the same problem. In United States v. Lawson, (3 Cir. 1967) 337 F.2d 800, cert. denied 380 U.S. 919, 85 S.Ct. 913, 13 L.Ed.2d 804, rehr. denied 380 U.S. 989, 85 S.Ct. 1349, 14 L.Ed.2d 283, where a local board clerk used a rubber stamp to sign an order to work, contrary to regulations, no prejudice resulted to the registrant.

The appellant was not prejudiced. He knew the date of induction and appeared at the continued date. Nor do we know whether the order for induction mailed to him was signed or unsigned, since he did not produce it. There is no merit to the contention.

## IV

### APPELLANT WAS NOT ENTITLED TO A PERSONAL APPEARANCE FOLLOWING THE FILING OF HIS LATE CLAIM FOR C. O. STATUS.

In United States v. Beaver, (4 Cir. 1962) 309 F.2d 273, cert. denied (1963) 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499, the registrant contended that he was entitled to be heard by the Board on the issue of whether his classification should be reopened and as to whether there had been a change in registrant's status resulting from circumstances over which the registrant had no control. The court flatly held, "The regulations do not provide for hearing at this stage." Id. p. 277.

No facts were contained in appellant's Form 150 which demonstrated that he had undergone a change of circumstances over which he had no control. He indicated on the form that his views were acquired through his past year's association with friends who were opposed to war, religious sessions with friends of the same feelings and religious meetings in Laguna Canyon and Laguna Beach.

This is not a case like Ehlert v. United States, No. 21930, in which the slip opinion of September 11, 1968 was withdrawn and the case taken in banc, and is now pending before this court. There, appellant's conscientious objection to war had crystallized *after* receipt of his notice of induction. Here, there was no showing of any such crystallization, nor any showing that there had been any change at all in his views and opinions after receipt of the notice of induction. This case is therefore controlled by Dugdale v. United States, (9 Cir. 1968) 389 F.2d 482; Oshatz v. United States, (9 Cir. 1968) 404 F.2d

**1068**

9; Briggs v. United States, (9 Cir. 1968) 397 F.2d 370; Parrott v. United States, (9 Cir. 1966) 370 F.2d 388, cert. denied sub nom. Lawrence v. United States, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967), and United States v. Kanner, (9 Cir. 1969) 416 F.2d 522 which presented a similar situation. See cases cited therein. Thus, there was no duty to reopen appellant's classification or to afford him a hearing, and he was not denied due process by the procedures that were followed.

V

THE CLASSIFICATION QUESTIONNAIRE IS NOT UNCONSTITUTIONAL AND THE REGULATION REQUIRING REGISTRANTS TO COMPLETE IT IS NOT VIOLATIVE OF DUE PROCESS OF LAW.

█ Appellant contends that an 18 year old registrant should be advised of the legal definition of the term "Conscientious Objector" and that such a definition appears nowhere in the form or regulations. He cites no authorities except In Re Gault, (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, pertaining to specific notice in juvenile proceedings and Miranda v. Arizona, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, arguing that even hardened criminals are entitled to warnings as to their constitutional rights.

Appellant cites no authority directly in point, and we have been able to find none. Here the questionnaire is required to be filled out as part of an administrative proceeding. Appellant's contentions are refuted by United States v. Dicks, (4 Cir. 1968) 392 F.2d 524. "* * * we do not deal here with proceedings which were criminal in character, as was the situation in the *Escobedo* and other cases cited. This defendant's liberty was never in danger until his wilful violation of the existing laws. Liberty may not be equated with

immunity from reasonable regulations and prohibitions imposed in the interests of the community." Id. p. 528.

There is no merit to the contention. The judgment is affirmed.