**UNITED STATES of America,**
**Appellee,**

v.

**Phillip Michael KANNER, Appellant.**
**No. 23391.**

United States Court of Appeals
Ninth Circuit.

Sept. 25, 1969.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

Arnold G. Regardie (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Dzintra I. Janavs, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CARTER and HUFSTEDLER, Circuit Judges, and THOMPSON,* District Judge.

JAMES M. CARTER, Circuit Judge:

The appellant was convicted in a trial without a jury of refusing to be inducted into the armed forces and sentenced to three years imprisonment. We affirm.

The case presents two questions:

1. Is a selective service registrant entitled, under the facts of this case, to have his classification as I–A reopened when he files his claim as a conscientious objector, after there is mailed to him a notice of induction? Involved in the question is whether this case is within Ehlert v. United States, in which a hearing in banc has been granted.

2. Was there a basis in fact for the registrant's claim for a II–A occupational deferment which required a reopening of his case and reconsideration by the draft board?

The selective service file of appellant discloses that when he completed his classification questionnaire on March 25, 1963, he made no claim to be a conscientious objector, but rather marked Series VIII pertaining thereto, "Does not apply." Appellant was classified I–A on November 10, 1965. On appeal this

---

* Hon. Bruce R. Thompson, United States District Judge, District of Nevada, sitting by designation.

classification was changed to II–S, student deferment, until June 1966. Appellant was again classified I–A on December 14, 1966 and so notified on December 21, 1966. He again appealed, but on this appeal the appeal board voted to retain him in I–A classification.

Appellant having been previously found physically acceptable for military service on February 4, 1964, was mailed an order for induction on April 19, 1967, with a reporting date of May 4, 1967.

On February 7, 1967, the Board received a request by appellant for deferment for Peace Corps service. On February 20, 1967 the Board received a communication from Peace Corps Headquarters, Washington, D. C., that the defendant had been *selected* to train in the Peace Corps beginning *July* 9, 1967.

On April 25, 1967, *after* the order to report for induction had been mailed on April 19, 1967, the Board received a second communication from the appellant indicating he had been *accepted* into the Peace Corps. This was confirmed on May 1, 1967 by letter from the Peace Corps to the Board.

Both matters, the conscientious objector claim and the Peace Corps deferment claim were reviewed by the local board on May 3, 1967 but appellant's classification of I–A was not reopened and on May 3, 1967 the appellant was so advised.

On May 4, 1967 the date set for reporting for induction, the appellant reported to the induction station as ordered but refused to step forward and be inducted into the armed forces. He refused to sign a statement setting forth his reasons for refusing to be inducted.

On April 25, 1967, when appellant notified the Board he had been accepted into the Peace Corps, he also requested and was given on April 28, 1967, a Form for Conscientious Objector, (SSS Form 150) which was returned on May 1, 1967. In the Form 150, appellant responded to Series II dealing with religious training and belief as follows:

"I neither accept nor reject the existence of a Supreme Being. To me this is not important. What is important to me is man and the sacredness of every human life. I believe in goodness, understanding, and love of mankind for their own sakes.

"These virtues and my regard for life are forces which rule my life and are the criteria upon which I base my decisions and actions. "Participation in the Armed Forces, war, and killing, directly, or indirectly would violate everything I believe in and hold sacred."

The defendant stated that the foregoing belief was based on values received from his parents and knowledge and ideas gained from his formal education, from reading and from observations on life.

The defendant further stated that he relied on his conscience for religious guidance. He described his actions and behavior which most conspicuously demonstrated the consistency and depth of his religious convictions as follows:

"I have never participated in violence or fighting. I have participated in service projects while in the Boy Scouts. I am a member of a volunteer ski patrol which gives first aid to the injured. I believe in and have volunteered for the Peace Corps."

While the defendant indicated that his mother and father were Jewish, he himself claimed membership in no religious sect or organization.

The appellant contends that he presented "a nonfrivolous prima facie case for a conscientious objector classification and said claim was timely filed and denial of said I–O classification by the selective system was without a basis in fact, arbitrary and contrary to law."

Appellant also urges that the information he submitted made out a prima facie case for occupational deferment and therefore the Board should have reopened, and its failure to do so was an abuse of discretion and a denial of due

process. These contentions raise the questions to be decided on appeal, as stated early in this opinion.

## THE C. O. CLAIM

It is apparent that appellant's conscientious objection beliefs matured long before the notice for his induction was mailed to him. We thus have a case of a late claim of conscientious objection and not of crystallization of belief after the receipt of the notice of induction, the question pending before this court in banc in Ehlert v. United States, No. 21930.

Dugdale v. United States, (9 Cir. 1968) 389 F.2d 482, states: "It was incumbent on Dugdale to submit statements and information which, if true, would be a basis for the change in classification. He was required to show a 'change of status' occurring after receipt of the induction notice. He did not do so." Id. p. 484. Accord; Oshatz v. United States, (9 Cir. 1968) 404 F.2d 9; Briggs v. United States, (9 Cir. 1968) 397 F.2d 370; Parrott v. United States, (9 Cir. 1966) 370 F.2d 388, cert. denied sub nom. Lawrence v. United States, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967).

Other Circuits have ruled on the question of "late" filings of claims of conscientious objection. If the registrant has formed conscientious objection beliefs before the order for induction, and has ample time to notify the Board to this effect and has failed to do so, he is not entitled to have his classification reopened. United States v. Griffin, (2 Cir. 1967) 378 F.2d 899; United States v. W. F. Kroll, (3 Cir. 1968) 400 F.2d 923, cert. denied 393 U.S. 1069, 89 S.Ct. 728, 21 L.Ed.2d 393 (1969); United States v. Helm, (4 Cir. 1967) 386 F.2d 434, cert. denied 390 U.S. 958, 88 S.Ct. 1045, 19 L.Ed.2d 1153 (1968); Nelloms v. United States, (5 Cir. 1968) 399 F.2d 295, cert. filed 393 U.S. 1011, 89 S.Ct. 724, 21 L.Ed.2d 716; United States v. Taylor, (6 Cir. 1968) 351 F.2d 228; United States v. Porter, (7 Cir. 1963) 314 F.2d 833, rehear. denied 4/16/63;

Salamy v. United States, (10 Cir. 1967) 379 F.2d 838.

Other circuits have held the ordinary allowance of the C.O. exemption requires reasonable rules for its invocation and that noncompliance with the rules results in forfeiture of the exemption. Davis v. United States, (5 Cir. 1967) 374 F.2d 1 and cases from other circuits cited in note 5, p. 4.

## THE CLAIM FOR OCCUPATIONAL DEFERMENT

The facts concerning this part of the case have been stated in Section I.

To secure an occupational deferment, a registrant must establish he was engaged in an occupation necessary to the national health, safety or interest, 32 C.F.R. § 1622.22. An occupation "is necessary to the maintenance of the national health, safety or interest only when all the following conditions exist:

1. The registrant is * * * engaged in the activity in issue;

2. The registrant cannot be replaced because of a shortage of persons with his qualifications or skill in such activity;

3. The removal of the registrant would cause a material loss of effectiveness in such activity." 32 C.F.R. § 1622.23(a) [Emphasis added].

Appellant presented no evidence to the Board that he could not be replaced "because of a shortage of persons with his qualifications or skill" or that the "removal of the registrant would cause a material loss of effectiveness in such activity." 32 C.F.R. § 1622.23(a).

The burden of proof was on the appellant to show that he was eligible for another class besides I–A, 32 C.F.R. § 1622.10. A registrant's classification is to be determined solely on the basis of the official Selective Service forms and other written information supplied to the Board and contained in his file, 32 C.F.R. § 1623.1(b).

A registrant must present some basis in fact before a local board

**526**

is required to reopen his classification and consider the new material. Petrie v. United States (9 Cir. in banc 1969), 407 F.2d 267, interpreted "basis in fact" in this context to mean a "prima facie" case. Id. p. 274. *Petrie* controls this case as to the claim for occupational deferment. Petrie was a flight instructor but he "did not make a prima facie showing as to the second of the enumerated conditions [in 32 C.F.R. § 1622.23 (a)], namely that he could not be replaced as a flight instructor." Id. p. 276. Appellant, assuming he could clear the hurdle of being *engaged* in a vital occupation, made no showing whatever as to the second condition, *replacement*.

It is clear that the Board did not act arbitrarily, capriciously or contrary to law in refusing to reopen defendant's classification and consider his request for the conscientious objector classification, or a classification in II–A, occupational deferment. Thus there was no violation of due process of law as contended by the appellant. The judgment is affirmed.