**UNITED STATES of America,**
**Appellee,**

v.

**Moss David POSNER, Appellant.**

**No. 23885.**

United States Court of Appeals,
Ninth Circuit.

Feb. 13, 1970.

As Modified on Denial of Rehearing
March 10, 1970.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

George G. Rayborn, Asst. U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and CARTER, Circuit Judges, and CROCKER, District Judge.*

HAMLEY, Circuit Judge:

Moss David Posner appeals from a judgment convicting him for knowingly

---

* The Honorable M. D. Crocker, United States District Judge for the Central District of California, sitting by designation.

failing and refusing to be inducted into the armed forces of the United States in violation of 50 U.S.C.App. § 462. He asserts that his local board should not have reclassified him from II-A to I-A and, in the alternative, the board should have reclassified him III-A or I-O. He argues that the district court should therefore have granted his motion for judgment of acquittal.

 Posner was reclassified from II-A (occupational deferment) to I-A (available for military service) on May 12, 1966. He requested a personal appearance and an appeal from this local board action, not on the ground that his classification should remain II-A, but on the ground that he should be reclassified III-A (hardship). It follows that Posner has no grievance because of the loss of his II-A classification, since he did not ask for its continuance.

Posner is a medical doctor. During his personal appearance before the local board on August 11, 1966, he stated that his wife's parents were medically disabled and dependent upon him. This led his board to reclassify him III-A on September 21, 1966. The State Director appealed that classification and on November 17, 1966, the appeal board reclassified Posner I-A.

 Some of the facts which were before the appeal board when it made this reclassification are listed in the margin.[1] Under 32 C.F.R. § 1622.30(b)(2), Posner was entitled to a III-A classification if his induction would result in "extreme hardship" to the Ruben-

steins. We conclude that the facts summarized in note 1 provide a basis in fact for the appeal board's determination that extreme hardship was not shown.

The remainder of defendant's arguments on appeal are directed to the local board's rejection of his claim to a I-O classification (conscientious objector). Specifically, defendant contends: (1) the denial of his claim to a conscientious objector classification was without basis in fact, arbitrary, and contrary to law; (2) the board erred in considering him non-religious; (3) the absence of religious training and belief is an unconstitutional basis for denying conscientious objector status; (4) defendant was deprived of a fair hearing in his personal appearance before the board when his conscientious objector claim was under consideration; and (5) by refusing to reopen the classification the local board unconstitutionally deprived him of an administrative appeal.

On March 13, 1967, the board sent Posner an order to report for induction on July 6, 1967. On March 14, 1967, the local board received a telegram from Posner requesting SSS Form 150, Special Form for Conscientious Objectors. This was the first intimation given the board that defendant was a conscientious objector.

The form was mailed to defendant on March 15, 1967 and he returned it, filled out, on March 29, 1967. On April 3, 1967, the local board rejected the conscientious objector claim. Defendant requested a personal appearance before the board, and the request was granted,

---

1. (1) Posner's father-in-law and mother-in-law, Mr. and Mrs. Rubenstein, did not live with Posner; (2) the Rubensteins had been and were "still quite active in the community when they are able * * *"; (3) Mr. Rubenstein received $155 a month from his veteran's pension and social security; (4) Mrs. Rubenstein was to receive a "small settlement" from her previous employer because of an injury she had suffered; (5) Posner's contribution to the Rubensteins was fifty dollars a month until July, 1966, when he began contributing one half of their support; (6) part of the Rubensteins' ex-

penses were for medical expenditures, and Posner "thought" they were eligible for Medicare (Mr. Rubenstein was sixty-seven years old, and Mrs. Rubenstein was sixty-two years old); and (7) while Posner told the board members that the Rubensteins had so many medical problems that only he could recommend treatment for them, Dr. Nolan Resnich had been treating Mr. Rubenstein at the Veterans' Administration Hospital in Long Beach, California for several years, and Dr. R. H. Schumacher, Mrs. Rubenstein's physician, was apparently familiar with her medical problems.

After the personal appearance had taken place, the local board declined to reopen the 1-A classification.

Defendant did not request a conscientious objector classification until after the local board had mailed him an order to report for induction. The board's action on his request was therefore governed by Selective Service Regulation 32 C.F.R. § 1625.2, which provides in part:

"* * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

■ Under this regulation, reopening of a classification is not allowed unless the registrant's "change of status" occurred after receipt of the induction notice. United States v. Kanner, 416 F.2d 522, 525 (9th Cir.1969); United States v. Weersing, 415 F.2d 130, 134–135 (9th Cir.1969); Dugdale v. United States, 389 F.2d 482, 484 (9th Cir.1968). The local board did not find that there had been a change in Posner's status after he received the induction notice but, on the contrary, expressly found that Posner's beliefs after the induction notice "were no different than before * * *."

If this determination has a basis in fact, the board acted correctly in denying defendant's request to reopen the classification (1) whether or not his conscientious objection was sincere, (2) whether or not conscientious objection status may be limited to persons whose objections are founded upon religious training and belief,[2] and (3) whether or not crystallization of a conscientious objection to war can ever constitute a circumstance "over which the registrant had no control."[3]

■ In our view the record shows that there was a basis in fact for the board's determination that Posner's beliefs upon which he based his conscientious objection were in existence before he received the induction order. Immediately upon receiving the order to report for induction defendant sent his telegram to the board asking for a conscientious objector form. This almost instant reaction to the notice warranted the board's discounting of Posner's statement that he had only "started thinking" about the matter prior to receiving the notice, and its conclusion that his conscientious objection was firmly held before the notice reached him. Defendant's Form 150, filed March 29, 1967, and a supporting letter, contain statements suggesting that Posner had entertained his conscientious objections to war for some time.

■ Finally, defendant's assertion that the hearing given him by the local board on his conscientious objection claim was not fair is without substance. Nor did the subsequent failure of the board to reopen the classification deprive defendant of due process of law by denying him the right to an administrative appeal. The local board proceeded in strict conformity with 32 C.F.R. § 1625.4, and the Selective Service regulations do not provide for appellate review

2. The local board expressly found that Posner was not a "genuine" conscientious objector. If the board meant by this that his claimed conscientious objection was not sincerely held, the question presented on appeal, if we had to reach it, would be whether there is a basis in fact for that finding. Bergman v. United States, 420 F.2d 681 (9th Cir. 1969). If the board meant by this finding that Posner's conscientious objections were not based upon religious training and belief, the problem presented on appeal would be whether a statute or regulation based on such a classification is contrary to the First Amendment. This question is now before the Supreme Court in Welsh v. United States, 404 F.2d 1078 (9th Cir. 1968), cert. granted, 396 U.S. 816, 90 S.Ct. 53, 24 L. Ed.2d 67 (1969), and United States v. Sisson, 297 F.Supp. 902 (D.Mass.), hearing granted, 396 U.S. 812, 90 S.Ct. 92, 24 L.Ed.2d 65 (1969).

3. As to the crystallization problem see Ehlert v. United States, 422 F.2d 332 (9th Cir. 1970).

of a local board's decision not to reopen a registrant's classification. *Cf.* 32 C. F.R. §§ 1625.4, 1626.1–1626.61. Inability to appeal from a refusal to reopen does not deny due process. See Boyd v. United States, 269 F.2d 607, 611 (9th Cir.1969).

Affirmed.