**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Joseph Robert Steven BROSSARD,**
**Defendant-Appellant.**

**No. 23390.**

United States Court of Appeals,
Ninth Circuit.

Feb. 17, 1970.

Rehearing Denied March 30, 1970.

J. B. Tietz (argued), Los Angeles, Cal., for defendant-appellant.

Eric A. Nobles, Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLIN, ELY and HUF-STEDLER, Circuit Judges.

## PER CURIAM.

Appellant Joseph Brossard was indicted and convicted for his failure to report for induction in violation of 50 U.S.C. App. § 462. Appellant contends that the local board improperly processed his conscientious objector claim. The United States District Court for the Central District of California, Judge Albert Lee Stephens, Jr., rejected this defense, and appellant filed the instant appeal to this court which has jurisdiction under 28 U.S.C. § 1291.

■ The Notice to Report for Induction was sent appellant on October 26, 1966, ordering appellant to report for induction on November 15, 1966. On November 10, 1966, appellant submitted a completed Form 150, which he contends constitutes a prima facie case for conscientious objector status. However, 32 C.F.R. § 1625.2 provides that "the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control." For the purposes of this case it makes no difference whether the registrant's views on conscientious objection "crystalized" before [1] or after [2] the notice to report for induction was sent. In either situation there is no change in status "resulting from circumstances over which the registrant has no control." See Dugdale v. United States, 389 F.2d 482 (9th Cir. 1968) and Ehlert v. United States, 422 F.2d 332 (9th Cir. February 2, 1970) (*en banc*). As sec-

tion 1625.2 controls the processing of appellant's CO claim, and by virtue of this regulation the local board in the instant case was under no obligation to consider the claim first presented after the notice of induction had issued, the failure of the local board to reopen and grant a personal interview is not a denial of procedural due process.[3]

Affirmed.

---

1. Contention of the goverment.

2. Contention of the appellant.

3. In addition, appellant mentions the fact that the local board clerk signed the order to report for induction, and that there was no showing that he was authorized by

the local board pursuant to 32 C.F.R. § 1604.59 to sign such orders. Any claim of error based on the clerk's signing of the order to report for induction is foreclosed by United States v. Doran, 418 F.2d 1226 (9th Cir. 1969), and United States v. Stark, 418 F.2d 901 (9th Cir. 1969) (*en banc*).