**UNITED STATES of America,
Appellee,**

v.

**Richard Damien EHRET, Appellant.
No. 25366.**

United States Court of Appeals,
Ninth Circuit.

Aug. 17, 1970.

Rehearing Denied Sept. 16, 1970.

Robert J. Jaffe (argued), Mill Valley, Cal., Richard Damien Ehret, (pro. per.) for appellant.

Jerry Cimmett (argued), Asst. U. S. Atty., James L. Browning, U. S. Atty., F. Steele Langford, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MADDEN,* Judge of the United States Court of Claims, and HAMLEY and TRASK, Circuit Judges.

HAMLEY, Circuit Judge:

Richard Damien Ehret appeals from his conviction, under 50 U.S.C. Appendix § 462, for refusing to submit to induction into the Armed Forces of the United States. We affirm.

Defendant argues that he should have been acquitted because the Selective Service Act of 1967 is void for the reason that Congress lacks the power to conscript. The United States Supreme Court held to the contrary as recently as United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).

Defendant next contends that he should have been acquitted because, contrary to Selective Service regulations, the order for his induction was not entered pursuant to a meeting of his local board, but was issued by the clerk of the board acting without such authority. Similar contentions have been rejected in several recent decisions of this court. *See* Rusk v. United States, 419 F.2d 133, 135 (9th Cir. 1969), and cases there cited.

Finally, defendant urges that he should have been acquitted because his local board failed to provide him with a medical interview as provided for in 32 C.F.R. 1628.2(a) and (b).

No such contention was advanced in the trial court. Counsel for defendant there moved for acquittal on several

---

* The Honorable J. Warren Madden, Senior Judge of the United States Court of Claims, sitting by designation.

grounds. One of these was that the local board should have met and ordered defendant's induction. In this connection, counsel told the court that several matters had come up since defendant had been classified I–A. One of these matters, counsel said, was a "serious question as to whether he was physically fit to be inducted into the Armed Forces." This observation did not, in our view, provide notice of the 32 C.F.R. 1628.2(a) and (b) point he is now raising.

■ Nor do we believe that the asserted failure to comply with 32 C.F.R. 1628.2(a) and (b) constitutes a plain error or defect affecting substantial rights which we should notice in the first instance in this court. See Rule 52(b), Fed.R.Crim.Proc.

A medical interview was required under 32 C.F.R. 1628.1 and .2 if the local board was of the opinion, or the registrant claimed, that he had one or more of the disqualifying medical conditions or physical defects which appear in the list described in section 1628.1. The board recorded no opinion of this kind. However, defendant asserts that a letter prepared by his personal physician, addressed "To Whom It May Concern," which defendant sent to his local board after he had submitted to a physical examination at the induction station and had been found fully acceptable, constituted a claim of disqualifying medical conditions or physical defects which appear on the described list.

The doctor's letter, dated February 1, 1968, stated that, on January 9, 1967, defendant was found to have a torn medial meniscus in his left knee with a suggestion of a tear of the meniscus in the right knee. The letter reported that surgery had been performed March 20, 1967, after which defendant "did nicely, but has continued to have achy knees, particularly with over-use." The doctor stated that defendant indicated he is unable to squat, particularly with the left knee. According to the letter,

"* * * examination reveals stable ligaments in both knees. There is no warmth or effusion. No meniscal findings are noted over the lateral meniscus except for slight clicking."

The doctor concluded his letter with the opinion that defendant should have an examination by an orthopedic surgeon "associated with pre-induction physical" prior to induction into the Army. A copy of this letter was sent to the induction center medical staff. Defendant was then recalled for a further physical examination, but was again pronounced fully acceptable. There is no indication in the record that defendant's refusal to submit to induction was based on the claimed physical condition or defect.

The list referred to above is published as Army Regulation AR 40–501. The only provision of that regulation which, in our opinion, has possible application is Section VII, par. 2–10, c(2), reading in part as follows:

"Authentic history or physical findings of an unstable or internally deranged joint causing disabling pain or seriously limiting functions."

■ The doctor's letter does not constitute physical findings of an unstable or internally deranged joint, because "an unstable or internally deranged joint" refers, in our opinion, to a current condition. Defendant's unstable or internally deranged knee joint had, according to the doctor, been substantially corrected by prior surgery. While the doctor's letter may constitute an "[a]uthentic history" of previously unstable or internally deranged knee joints, the letter does not state (as provided in the quoted paragraph of AR 40–501) that such past condition caused "disabling pain or seriously limiting functions."

If we are mistaken in this analysis of the nature of defendant's "claim" under 32 C.F.R. 1628.2, it is because we have failed to grasp the delicate subtleties of highly technical medical language. If

that be true, it is at least fair to say that the "error" of the trial court, which we fail to grasp, is far from "plain." Nor, under the circumstances, do we believe that the error, if any, affected defendant's substantial rights.

Affirmed.