UNITED STATES of America, Plaintiff-Appellee,

v.

Asa John BERGER, Defendant-Appellant.

No. 25190.

United States Court of Appeals, Ninth Circuit.

Nov. 9, 1970.

Rehearing Denied Dec. 11, 1970.

Solomon Zeltzer, San Jose, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., Jerrold M. Ladar, Chief, Criminal Division, John G. Milano, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

Convicted of refusing to submit to induction into the Armed Forces of the United States (50 U.S.C. App. § 462), Berger appeals. We affirm. We have ruled against each of his contentions in previous decisions.

■ 1. The members of his local board were all residents of the county, as required by 50 U.S.C. App. § 460(b) (3). However, two of the three resided outside the area in which the board had jurisdiction. 32 C.F.R. § 1604.52. We have held that the regulation is directory, not mandatory. United States v. Reeb, 9 Cir., 1970, 433 F.2d 381; United States v. Wallace, 9 Cir., 1970, 435 F.2d 12.

■ 2. When Berger registered with his local board on April 1, 1964, he did not claim to be a conscientious objector. He first made such a claim in a document received by his board on July 3, 1968, after he had refused to be inducted on June 26, 1968. The board was under no duty to consider this claim. Palmer v. United States, 9 Cir., 1968, 401 F.2d 226; United States v. Blakely, 9 Cir., 1970, 424 F.2d 1043, and cases cited. Moreover, his form 150 showed on its face that his beliefs long antedated the order for induction. United States v. Pieters, 9 Cir., 1970, 423 F.2d 1200; United States v. Posner, 9 Cir., 1970, 424 F.2d 181; Rusk v. United States, 9 Cir., 1969, 419 F.2d 133; Blades v. United States, 9 Cir., 1969, 407 F.2d 1397.

■ 3. Section 1625.2 of 32 C.F.R. is not invalid. United States v. Kanner, 9 Cir., 1969, 416 F.2d 522; Dugdale v. United States, 9 Cir., 1968, 389 F.2d 482.

■ 4. Although Berger testified to the contrary, his Selective Service file shows that he was informed that a government appeal agent was available at his local board to give him legal advice on selective service matters. Berger never sought such advice, nor did he request an appearance before the board. Under these circumstances, he is in no position to attack the validity of section 1624.1(b) of 32 C.F.R.

■ 5. The order to report was not invalid because it was signed by the clerk of the board. United States v. Ehret, 9 Cir., 1970, 431 F.2d 1146; United States v. Brossard, 9 Cir., 1970, 423 F. 2d 711; United States v. Weaver, 9 Cir., 1970, 423 F.2d 1126; United States v. Hulphers, 9 Cir., 1969, 421 F.2d 1291; see also United States v. Cralle, 9 Cir., 1969, 415 F.2d 1065.

**612**

■ 6. Berger's Selective Service file was properly admitted in evidence. United States v. Hulphers, *supra.*

■ 7. The Act does not violate the establishment of religion clause of the First Amendment. Smith v. United States, 9 Cir., 1970, 424 F.2d 267; Negre v. Larsen, 9 Cir., 1969, 418 F.2d 908; United States v. McQueary, 9 Cir., 1969, 408 F.2d 493.