**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bruce Allen UHL, Defendant-Appellant.**

No. 25991.

United States Court of Appeals, Ninth Circuit.

Dec. 23, 1970.

J. B. Tietz (argued), Los Angeles, Cal., for defendant-appellant.

Richard Jaeger (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Div., John W. Hornbeck, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, ELY and CARTER, Circuit Judges.

PER CURIAM:

Appellant appeals his conviction of refusal to be inducted into the Armed Forces of the United States in violation of 50 U.S.C. App. § 462. His appeal (1) attacks the Board's refusal to open his classification in response to his request

---

for a C.O. classification, made after receipt of his notice of induction and (2) the constitutionality of peacetime conscription. We reject appellant's contentions and affirm his conviction.

Appellant was reclassified I-A on April 2, 1968 and on March 3, 1969 was ordered to report for induction on March 25. He failed to report. The Board received a letter from appellant on April 15, 1969 that indicated the failure to report was due to a change of mailing address and requested another induction notice.

On May 16, 1969, the Board sent a letter to appellant fixing June 3, 1969 as a new induction date. On May 19, 1969, appellant requested and received a Conscientious Objector Form 150, which he completed and returned the same day. Appellant appeared before the Board on June 11, 1969, at which time he stated as to the views expressed in his Form 150, "I felt this way all my life." The Board informed appellant on June 17, 1969 that it refused to reopen his file or reclassify him because there was no change in his status resulting from circumstances beyond his control.

On August 5, 1969, appellant was advised of a new induction date pursuant to the original order of induction. On August 27, 1969, he refused to submit to induction. This conviction followed.

## I.

Appellant contends that the Board's denial of a reopening of his classification in response to his Form 150 deprived him of due process. Once an induction notice is mailed, a Board cannot reopen the registrant's classification unless the alleged change of status has occurred after the time of the order to report for induction. 32 C.F.R. § 1625.2.

██ The *late* filing of a previously matured C.O. belief does not permit the opening of a prior classification. Dugdale v. United States (9 Cir. 1968) 389 F.2d 482; Briggs v. United States (9 Cir. 1968) 397 F.2d 370; Oshatz v. United States (9 Cir. 1968) 404 F.2d 9;

United States v. Weersing (9 Cir. 1969) 415 F.2d 130, cert. den. 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969); United States v. Cralle (9 Cir. 1969) 415 F.2d 1065; United States v. Kanner (9 Cir. 1969) 416 F.2d 522; Rusk v. United States (9 Cir. 1969) 419 F.2d 133; United States v. Smith (9 Cir. 1970) 423 F.2d 559; Dillon v. United States (9 Cir. 1970) 423 F.2d 1121; United States v. Posner (9 Cir. 1970) 424 F.2d 181. The record establishes that there was no change of status here after the induction notice as appellant claimed that he had held his views on conscientious objection all his life. Therefore, the Board's failure to reopen appellant's classification was proper under the regulation. The consequent deprivation of an administrative appeal did not deprive appellant of due process. United States v. Posner, *supra*.

Appellant argues that, if we reject his contention, this case should be held under submission pending decision in the Supreme Court of Ehlert v. United States (9 Cir. 1970) 422 F.2d 332, 335, cert. granted 397 U.S. 1074, 90 S.Ct. 1525, 25 L.Ed.2d 808 (1970), which held that a "crystallization of, or change in, a registrant's views on conscientious objection is not a change in his status resulting from circumstances over which he has no control, within the meaning of 32 C.F.R. § 1625.2." This case is not controlled by *Ehlert* because it is not a case of crystallization of belief after the receipt of notice of induction but rather a case of a late claim of conscientious objection. We decline to withhold our decision pending the resolution of that case in the Supreme Court.

## II.

██ Appellant contends that the draft law, as applied to him during a period in which there is no dire national emergency, violates the Ninth Amendment. The contention is novel, but without merit. Conscription is constitutional. See Harris v. United States (9 Cir. 1969) 412 F.2d 384, and cases cited therein.

Judgment affirmed.