UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Wilson MORE, Defendant-Appellant.

No. 25985.

United States Court of Appeals, Ninth Circuit.

Jan. 13, 1971.

Rehearing Denied Feb. 15, 1971.

Michael E. Somers of Somers, Fox & Kallen, Santa Monica, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Michael J. Lightfoot, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

Robert Wilson More appeals his conviction for refusing induction into the armed forces. 50 U.S.C. App. § 462. We affirm.

Appellant had been classified I–A–O by his local board. On May 15, 1969, he received an order to report for induction on June 17, 1969. On May 27, after receipt of the order, he requested an opportunity to present new information to the board which he alleged entitled him to re-classification as a conscientious objector. The board agreed to postpone his induction and granted him a personal hearing on June 18, 1969.

Following the interview, the local board mailed him a form letter indicating that there had not been a change in his circumstances over which he had no control, as required by 32 C.F.R. § 1625.2, in order to justify re-opening classification following an order to report for induction. More was then ordered to report for induction on August 12.

The August induction date was postponed at More's request. He was ultimately ordered to report on October 21, 1969 at which time he reported but refused to submit for induction.

Appellant's principal contention on appeal is that the local board in fact re-opened his classification when it granted his request for a personal hearing and that he was thereafter denied his rights to an appeal under 32 C.F.R. § 1625.13. We disagree since it is clear that the local board did not re-open but rather considered More's new information to see if it constituted "circumstances over which he had no control" which is the *sine qua non* to re-opening following an order to report for induction. 32 C.F.R. § 1625.2.

In addition, under these facts the local board was not required to re-open. There are two possibilities here, each of which is equally likely under the showing made. That is, More's views may have crystallized either before or after he received his order to report for induction. If they crystallized before the order, it is well settled that the late filing of a previously matured conscientious objector claim does not require the local board to re-open classification.

United States v. Uhl, 436 F.2d 773 (9th Cir., 1970) and cases cited therein.

█ If, on the other hand, More's beliefs crystallized after receipt of his orders, this court has held that such crystallization does not amount to circumstances over which the registrant has no control so as to require re-opening. Ehlert v. United States, 422 F.2d 332 (9th Cir. 1970) (en banc), cert. granted 397 U.S. 1074, 90 S.Ct. 1525, 25 L.Ed.2d 808 (1970).

Thus, the local board was not required to re-open More's classification nor did it do so and consequently he was not deprived of his rights to appeal under 32 C.F.R. § 1625.13.

More's other contentions in this appeal have already been definitively decided against him:

█ (1) His induction order was not invalid because of the composition of his local board. All members resided within the county although three lived outside the geographical limits of the Board's jurisdiction. The former regulation [1] 32 C.F.R. § 1604.52(c) is directory, not mandatory. United States v. Berger, 434 F.2d 610 (9th Cir., 1970).

█ (2) The proviso in 32 C.F.R. § 1625.2, that the local board must find a change in circumstances over which the registrant had no control before it is required to re-open classification following an order to report for induction, is consistent with the statute. Ehlert v. United States, *supra*, 422 F.2d at 334.

█ (3) Exclusion of evidence concerning More's "good faith" in refusing induction was not error. More admitted that he "fully intended not to step forward when [he was] ordered to." This admission supports a finding of the requisite intent under 50 U.S.C. App. § 462. Harris v. United States, 412 F.2d 384, 387–388 (9th Cir. 1969).

Affirmed.

[1] The regulation has since been amended to require only that local board members reside within the county served by the board. Executive Order No. 11,555, 35 Fed.Reg. 14194 (Sept. 2, 1970).