UNITED STATES of America,
Appellee,

v.

John VAN BECKER, Appellant.

No. 26285.

United States Court of Appeals,
Ninth Circuit.

March 5, 1971.

James R. Gillespie, San Antonio, Tex., for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, Tex., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Joseph M. Howard, Richard B. Buhrman, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

Robert H. Green, Santa Ana, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Alan H. Friedman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, DUNIWAY and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant, in a court trial, was convicted of violating 50 U.S.C. App. § 462, refusing induction into the Armed Forces. On appeal, he challenges the validity of the induction order on the ground, among others, that the local board failed to consider his post-induction order claim for conscientious objector's status.

Appellant's local board, on January 2, 1968, ordered him to report for induction on January 24, 1968. Not until January 22nd, did appellant submit his conscientious objector form, plus supporting material. The following day the board met, reviewed the file and refused to reopen because it did not "specifically find there has been any change in status resulting from circumstances over which you had no control." Appellant refused to step forward for induction on January 24th.

We are committed to the rule that the burden of proof was on appellant to present a prima facie case showing that he was entitled to the requested classification. United States v. Uhl, 436 F.2d 773 (9th Cir. 1970) and Dugdale v. United States, 389 F.2d 482, 484 (9th Cir. 1968). This being a post-induction order claim, the appellant was also required to show a change in status after receipt of the induction order. Dugdale v. United States, supra. Here, not only did appellant fail to show any change in

status, but, on the other hand, presented evidence which indicated his beliefs were long-standing. Consequently, under *Dugdale* and *Uhl,* the board lacked authority to reopen the classification.

Appellant's remaining contentions are not supported by the record.

Affirmed.