**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Keith HARDMAN, Defendant-Appellant.**

**No. 26354.**

United States Court of Appeals,
Ninth Circuit.

April 1, 1971.

J. B. Tietz, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., John F. Walter, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CARTER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction and sentence for refusing to submit to induction in violation of 50 U.S.C. App. § 462. Appellant reported for induction on September 23, 1969. After refusing to submit to induction, he presented a statement of conscientious objection to service in the armed forces. On October 2, 1969, he requested a Special Form for Conscientious Objector and thereafter filed it with his local board on November 10, 1969. At no time prior to his refusal to submit to induction had appellant indicated that he might be a conscientious objector.

 The record does not show whether appellant's conscientious beliefs matured prior to receipt of his notice of induction or whether they occurred thereafter. If they matured prior to his notice of induction, then this is a late claim controlled by Dugdale v. United States (9 Cir. 1968) 389 F.2d 482, and cases cited therein. Accord, United States v. Kanner (9 Cir. 1969) 416 F.2d 522; United States v. Cralle (9 Cir. 1969) 415 F.2d 1065.

If they matured after his notice of induction, the case is controlled by Palmer v. United States (9 Cir. 1968) 401 F.2d 226, holding that "Classification functions of the local Board cease with induction, and a registrant cannot, by refusing to submit to induction, impose upon the board any new duties respecting reclassification or reopening." Accord, Straight v. United States (9 Cir. 1969) 413 F.2d 263; Brown v. United States (9 Cir. 1969) 409 F.2d 1354.

Appellant attacks Regulation 32 C.F.R. § 1625.2 which prevents a local board from reclassifying a registrant after mailing of an order to report for induction unless the board finds the registrant's change of status resulted from circumstances over which he had no control. He contends the regulation is void and in substance that he may at *any time* claim a conscientious objection classification, and that the board must reopen. No case in this circuit has held

the Regulation unconstitutional. Certainly, it is not invalid as applied to the facts of this case. In view of the fact that the crime was committed at the time of his refusal to submit to induction, and the claim of conscientious objection came thereafter, we see no merit to the contention. Palmer v. United States, *supra*.

 The statement appellant presented to the officers at the induction center did not constitute timely notice to the local board and did not allege facts showing a change in status resulting from circumstances beyond Hardman's control. Thus, the board was not required to reclassify appellant. *See*, United States v. Blakely (9 Cir. 1970) 424 F.2d 1043; Straight v. United States (9 Cir. 1969) 413 F.2d 263, 264; Blades v. United States (9 Cir. 1969) 407 F.2d 1397.

Affirmed.