Bruce DRAKE, Appellant,

v.

**SELECTIVE SERVICE LOCAL BOARD
NO. 50, HENNEPIN COUNTY,
MINNESOTA, Appellee.**

No. 20477.

United States Court of Appeals,
Eighth Circuit.

May 10, 1971.

Chester A. Bruvold, Larry B. Leventhal, Minneapolis, Minn., for appellant.

William D. Appler, Atty., Department of Justice, L. Patrick Gray, III, Asst. Atty. Gen., Robert G. Renner, U. S. Atty., Morton Hollander, Donald L. Horowitz, Attys., Department of Justice, Washington, D. C., for appellee.

Before VOGEL and ROSS, Circuit Judges, and STEPHENSON, Chief District Judge.

VOGEL, Circuit Judge.

This is a civil action in which Bruce Drake, appellant, seeks pre-induction review of his request for classification as a conscientious objector. The District Court held that pursuant to § 10(b) (3) of the Selective Service Act of 1967, 50 U.S.C.A. App. § 460(b) (3), it lacked

jurisdiction to issue a restraining order preventing appellant's induction into the Army on the basis of an induction order issued by the Board for May 28, 1970.

After receipt of the induction order, appellant requested, completed, and then returned to his Selective Service Local Board Form 150 (Special Form for Conscientious Objector). On April 11, 1970, the Board held a "courtesy interview" with appellant concerning his recently-made claim to being a conscientious objector. In a letter dated April 14, 1970, the Board notified appellant that it had reviewed his file and found no facts which would warrant a change in his classification. The classification was not reopened.

On May 14, 1970, appellant sought to prevent his induction into the Army by filing this action in the District Court. He alleged that the Board was required to reopen his classification, that, alternatively, the Board did in fact reopen his classification by means of the courtesy interview and did not advise him of the reopening, that § 1625.4 of the Selective Service Regulations should be declared invalid, that the actions of the Board have deprived him of his rights of administrative appeal, and that he has no adequate remedy at law. He asked that his classification be reopened and that § 1625.4 if applicable to his case be declared invalid as applied or in its entirety. Appellant alleged that jurisdiction "is predicated upon 28 U.S.C. 1361, 1391, and 2201" as well as the First, Fifth and Sixth Amendments to the Constitution of the United States and the laws of the United States.

A temporary restraining order was issued prohibiting appellant's induction until June 7, 1970. On June 4, 1970, the District Court, citing 50 U.S.C.A. App. § 460(b) (3), dismissed the complaint for want of jurisdiction over the subject matter. However, an injunction pending this appeal was granted.

■ The threshold of our analysis of the District Court's action is § 10(b)

(3) of the Selective Service Act, 50 U.S.C.A. App. § 460(b) (3), which in pertinent part provides that:

"* * * No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted * * * after the registrant has responded either affirmatively or negatively to an order to report for induction * * *."

At the outset it is important to note that the very existence of the federal court system is in the hands of Congress, U.S.Const. Art. III, § 1, and that Congressional power even over the jurisdiction of the Supreme Court is extremely broad. See Ex parte McCardle, 1868, 74 U.S. (7 Wall.) 506, 19 L.Ed.2d 264. Section 10(b) (3) is a valid exercise of Congressional authority. Clark v. Gabriel, 1968, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418.

■ However, the Supreme Court has noted an extremely narrow exception to the comprehensive jurisdictional proscription of § 10(b) (3). In Oestereich v. Selective Service Local Board No. 11, 1968, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, the court held that if actions of the Selective Service Board clearly depart from its statutory mandate, pre-induction review is available because the purposes of § 10(b) (3) are not contravened by judicial action on behalf of a registrant who has been denied a plain and unequivocal statutory right. "In such instances, as in the present one, there is no exercise of discretion by a Board in evaluating evidence and in determining whether a claimed exemption is deserved." Oestereich, supra, 393 U.S. at 238, 89 S.Ct. at 416. Where the statute does not allow the Board to exercise discretion "* * * the Act should not [be] * * * construed to require the registrants to submit to induction or risk criminal prosecution to test the legality of the induction order." Breen v. Selective Service Local Board No. 16, 1970, 396 U.S. 460, 468, 90 S.Ct. 661, 666, 24 L.Ed.2d 653. But, if the Board action

"inescapably involves a determination of fact and an exercise of judgment" § 10(b)(3) applies with full force and effect and the registrant must advance his claims either by way of habeas corpus after induction or as a defense to a criminal prosecution for failure to submit to induction. Clark v. Gabriel, supra, 393 U.S. at 258–259, 89 S.Ct. at 426.

In order to determine whether or not appellant falls within the narrow exception to § 10(b)(3) provided in *Oestereich* and *Breen,* some review of the substance of his claims is necessary. The essence of appellant's complaint appears to be that the Selective Service Board "refused to make a decision which under the applicable statutes and regulations they [sic] were required to make." The decision was allegedly avoided "in refusing to reopen Mr. Drake's classification upon his submittal of new information in the form of a Selective Service Form 150 * * *.*"

Appellant complains of a failure to act in that the Board refused to reopen his classification. The regulations provide that:

"The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, *in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction* (SSS Form No.

252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) *unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."* (Emphasis supplied.) 32 C.F.R. § 1625.2.

A claim of conscientious objection is not one of those " 'objectively identifiable' and 'extraneous' events and circumstances" which the regulation speaks of as beyond the registrant's control. Ehlert v. United States, 402 U.S. 99, 105, 91 S.Ct. 1319, 1324, 28 L.Ed.2d 625, 1971. Rather § 1625.2 bars

"* * * presentation to the local board of a claim that allegedly arose between mailing of a notice of induction and the scheduled induction date."

*Ehlert,* supra, at 108, 91 S.Ct. at 1325. Thus, the Board need not consider appellant's claim and properly refused to reopen his classification. Section 10(b) (3) does not allow any judicial action at this time in these circumstances.

Appellant also attacks § 1625.4 of the regulations as invalid and argues that Board action under the regulation is blatantly lawless within the meaning of *Oestereich* because no review of the refusal to reopen is provided. The regulation invests fully in the Board's discretion the decision of whether or not to reopen a classification limited only by the Supreme Court's ruling that if the registrant has provided the Board with unrefuted facts creating a prima facie case for a new classification the Board must reopen. Mulloy v. United States, 1970, 398 U.S. 410, 415 and 418 n. 7, 90 S.Ct. 1766, 26 L.Ed.2d 362. We agree with those authorities which observe that if administrative appeals were allowed from each decision of the Board not to reopen a classification then interminable delay would result which would interfere with the proper functioning of the Act. See e. g., United States v. Posner, 9 Cir., 1970, 424 F.2d 181, 183–184, U.S.App. Pndg.; Robertson v. United

States, 5 Cir., 1968, 404 F.2d 1141, 1145 n. 12, rev'd en banc on other grounds 417 F.2d 440 (1969); Klubnikin v. United States, 9 Cir., 1955, 227 F.2d 87, 90–91, cert. denied, 1956, 350 U.S. 975, 76 S.Ct. 453, 100 L.Ed. 846. Action pursuant to this regulation is not blatently lawless and is not reviewable at this time.

Affirmed.