**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Gustav BRADER, Defendant-
Appellant.**

**No. 26776.**

United States Court of Appeals,
Ninth Circuit.

May 15, 1972.

Max A. Keller (argued), June L. Arden, Renee Winthrop Banks, Beverly Hills, Cal., for defendant-appellant.

David P. Curnow, Asst. U. S. Atty. (argued), J. Kent Steele, Eric A. Nobles, David R. Nissen, Asst. U. S. Attys., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY, ELY and CHOY, Circuit Judges.

ELY, Circuit Judge:

Brader appeals his conviction for having refused induction into the armed forces in violation of 50 U.S.C. App. § 462. We affirm.

The original briefs presented four issues, all of which lack merit insofar as Brader's contentions are concerned. First, Brader's argument that 32 C.F.R. § 1625.2 is invalid as an unconstitutional delegation of legislative authority and as conflicting with the expression of congressional will in 50 U.S. C. App. § 456(j) has previously been rejected by our court. United States v. Lowell, 437 F.2d 906, 908 (9th Cir.

1971); United States v. Berger, 434 F. 2d 610, 611 (9th Cir. 1970).

The Supreme Court's affirmance of our opinion in *Ehlert* forecloses consideration of Brader's contention concerning the late crystallization of his conscientious objection to warfare. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), aff'g 422 F.2d 332 (9th Cir. 1970).

■ The disposition of Brader's related claim, that the courtesy interview afforded him by the Board constituted a constructive reopening of his classification, is not controlled by Miller v. United States, 388 F.2d 973 (9th Cir. 1967), wherein the State Director expressly authorized a reopening, but by United States v. Bowen, 423 F.2d 266 (9th Cir. 1969). The Board here, as in *Bowen*, did not consider the merits of Brader's conscientious objection claim, properly basing its decision not to reopen on section 1625.2. *See also* United States v. Nix, 437 F.2d 746, 747 (9th Cir. 1971).

■ Finally, the record conclusively demonstrates that Brader possessed the requisite intent to support his conviction under 50 U.S.C. App. § 462. *See* United States v. More, 436 F.2d 938 (9th Cir. 1971); Harris v. United States, 412 F. 2d 384, 387–388 (9th Cir. 1969).

■ We called for supplemental briefing on another issue, whether the denial to Brader of a I–S classification, which denial prevented his conscientious objection claim from being timely, was unlawful because his prior I–S deferment was based upon an invalid induction order. We have concluded that this issue must also be resolved adversely to Brader. The prior induction order was valid since the Regulations, at the time the order was issued in 1966, provided for only *ten* days, not thirty, as Brader contends, in which a registrant could appeal his classification. *See* 32 C.F.R. § 1626.2. Moreover, the record conclusively demonstrates that Brader was not en-

titled, alternatively, to a II–S deferment when he was granted the I–S classification in 1966. *See* 32 C.F.R. § 1622.25a. Hence, the original I–S classification was also valid, and the Board properly denied Brader's subsequent request for another I–S deferment under the authority of 32 C.F.R. § 1622.15(b) (1). That regulation prohibits the granting of a I–S classification to a registrant having previously been so classified.

Affirmed.