**UNITED STATES of America,**
**Appellee,**

v.

**Paul J. NIX, Appellant.**

No. 25871.

United States Court of Appeals,
Ninth Circuit.

Feb. 3, 1971.

Somers, Fox & Kallen, Santa Monica, Cal., for appellant.

David Fox (appeared), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

Paul Nix was convicted in a court trial for his refusal to be inducted into the armed forces in violation of 50 U.S. C.App. § 462. In this appeal he contends that his local board denied him due process (1) by refusing to reopen his classification when he requested a Conscientious Objector's classification after he received a notice of induction and (2) by constructively reopening his classification without allowing a Selective Service appeal.

Nix was reclassified 1–A on February 5, 1968. During the summer of 1968 he

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

became interested in the Jehovah's Witnesses. Nevertheless, on July 18, 1968, he enlisted and was inducted into the Naval Reserves to report for duty on November 14, 1968. On that day he reported, but was discharged for the convenience of the government, apparently because he admitted in a questionnaire that he had experimented with marijuana.

On February 28, 1969, the local board mailed Nix an order to report for induction on March 25, 1969. Shortly before that day, Nix requested and received Conscientious Objector Form 150, which he completed and returned to the local board on March 24, 1969.

The board postponed Nix's induction and scheduled an interview for April 4, 1969. Before the board interviewed Nix, he signed a statement that he understood that the interview was neither a personal appearance nor a reopening of his classification. During the interview Nix stated that he had been against war since he was a child; that he became a Jehovah's Witness during the summer of 1968; and that he became a conscientious objector shortly after he began studying the Bible.

On April 8, 1969, the board notified Nix that it had not reopened his classification because it found that there was no change in his status resulting from circumstances beyond his control.

On June 30, 1969, Nix refused to submit to induction. He was later indicted and convicted.

Nix contends that the board's refusal to reopen his classification in response to his Form 150 denied him due process. He argues that this Court's recent *en banc* decision in Ehlert v. United States, 422 F.2d 332 (9th Cir. 1970), cert. granted 397 U.S. 1074, 90 S.Ct. 1525, 25 L.Ed.2d 808 (1970), should be reversed.

In *Ehlert* this Court held that the crystallization of conscientious objection between the time a notice of induction is mailed and the time induction is scheduled, is not a change in status resulting from circumstances beyond the registrant's control within the meaning of 32 C.F.R. § 1625.2.

This is not a case of a late crystallization of belief after the receipt of notice to report for induction. Rather, it is a case of the late filing of a previously matured conscientious objector's belief. Therefore, the board was not permitted to reopen Nix's classification. United States v. Uhl, 436 F.2d 773 (9th Cir., Dec. 23, 1970); Dugdale v. United States, 389 F.2d 482 (9th Cir. 1968).

Nix's next contention, that the board constructively reopened his classification, is dependent upon our finding that the board could have properly reopened his classification. Since we find that the board had no such authority, we must reject this contention even if Nix had not signed a waiver.

Nix also contends that the local board was not properly constituted since not all of its members resided within the local board's jurisdiction. The same contention was considered and rejected in Czepil v. Hershey, 425 F.2d 251 (7th Cir. 1970), cert. denied, Czepil v. Tarr, 400 U.S. 849, 91 S.Ct. 44, 27 L.Ed.2d 87 (Oct. 13, 1970); United States v. Reeb, 433 F.2d 381 (9th Cir., Oct. 27, 1970).

Nix's last contention that he did not have the requisite intent to be guilty of a Selective Service Act violation is wholly without merit. Harris v. United States, 412 F.2d 384 (9th Cir. 1969).

The judgment of conviction is affirmed.