UNITED STATES of America, Plaintiff-Appellee,

v.

Terrance Sheldon HAND, Defendant-Appellant.

No. 26663.

United States Court of Appeals, Ninth Circuit.

May 24, 1971.

Terry Amdur (argued), of Greene, Pancer & Associates, Alan Goldsmith, Santa Monica, Cal., for appellant.

Tom G. Kontos, Asst. U. S. Atty. (argued), David R. Nissen, Chief, Criminal Division, Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before CARTER and WRIGHT, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

Decision of this case is controlled by Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625, decided April 21, 1971. Appellant was registered with Local Board No. 117, Gardena, California, of the Selective Service System. On May 8, 1967, the Local Board classified Appellant 1–A. On January 17, 1969,

---

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

the Board sent Appellant a Notice to Report for Induction on February 4, 1969. On January 30, 1969, the Board received a request from Appellant for SSS Form 150, the Special Form for Conscientious Objectors, and the completed form was filed by Appellant on the same day. On January 31, 1969, the Board sent Appellant a Postponement of Induction Notice (SSS Form 264) and a letter advising him that an interview was scheduled on February 11, 1969. At the commencement of the interview, Appellant read and signed a statement: "I, Terrance Sheldon Hand, fully understand that my discussion with the local board will not constitute the reopening of my case, but is for an interview only and is not considered a personal appearance." The Board's minutes of the interview note the following action at its conclusion: "Board decision: Must report for induction. All members present were of the opinion that there is a lack of religious background and training to qualify registrant for 1–O classification." Appellant appeared at the induction center but refused to step forward and was convicted under an indictment charging wilful refusal to submit to induction.

■■ Inasmuch as Appellant's first claim of conscientious objector status was made after he had been ordered for induction, he had presented nothing to invoke the Board's power to reopen and reconsider his classification. 32 CFR 1625.2. The regulation "barred presentation to the local board of a claim (of conscientious objection) that allegedly

arose between mailing of a notice of induction and the scheduled induction date." Ehlert v. United States, *supra*, p. 108, 91 S.Ct. p. 1325. Under the *Ehlert* rationale, it makes no difference whether the crystallization of the conscientious objections occurred before or after the order for induction. The post-induction notice filing is entitled to no consideration. Accordingly, the fact that the Local Board in this case announced a wrong reason for its refusal to reopen Appellant's classification is of no moment. United States v. Nix, 437 F.2d 746 (9th Cir. 1971).

Miller v. United States, 388 F.2d 973 (9th Cir. 1967), relied upon by Appellant, is not apposite. In *Miller,* the registrant's delayed claim of conscientious objector status was made before mailing of the order to report for induction and the subsequent consideration of the merits of the claim was not prefaced by notice from the Board and acknowledgment by the registrant that the informal interview was not a reopening of the earlier classification. United States v. Nix, *supra,* 437 F.2d p. 747.[1]

Our decision in United States v. Aufdenspring, 439 F.2d 388 (9th Cir., 1971), does not aid Appellant because there the State Headquarters of Selective Service had directed the Local Board to reconsider registrant's classification "as if the induction order had not been issued." Thus it was not an *Ehlert* case of a plea for conscientious objector status made for the first time after a viable order to report for induction.

---

[1]. "This is not a case of a late crystallization of belief after the receipt of notice to report for induction. Rather, it is a case of the late filing of a previously matured conscientious objector's belief. Therefore, the board was not permitted to reopen Nix's classification. United States v. Uhl, 436 F.2d 773 (9th Cir., 1970); Dugdale v. United States, 389 F.2d 482 (9th Cir. 1968).

"Nix's next contention, that the board constructively reopened his classification, is dependent upon our finding that the board could have properly reopened his classification. Since we find that the board had no such authority, we must reject this contention even if Nix had not signed a waiver." United States v. Nix, 437 F.2d 746, at 747 (9th Cir. 1971).