**UNITED STATES of America,
Appellee,**

v.

**Stephen Ross SIMON, Appellant.**

**No. 71–1517.**

United States Court of Appeals,
Ninth Circuit.

Aug. 20, 1971.

J. B. Tietz, Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Andrew R. Willing, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, ELY and KIL-KENNY, Circuit Judges.

PER CURIAM:

Stephen Ross Simon appeals from a conviction for failure to report for induction in violation of 50 U.S.C. App. § 462.

On November 20, 1968, Simon's local board mailed him an order to report for induction. He failed to report and the board sent him another order. Again, Simon did not report and he could not be located. On January 13, 1970, Simon was reported as a delinquent to the United States Attorney. Simon spoke to an F.B.I. agent on June 11, 1970, and filed a written statement that he did not follow the order because he believed he should not have to fight in an unjust war. However, Simon agreed to follow the board's order if he received three to four weeks to take care of his obligations. Consequently, the United States Attorney declined prosecution for refusal to report "in favor of immediate induction."

The board then mailed Simon an order to report for induction on June 24, 1970. On the day before his scheduled induction, Simon requested, completed and filed a form 150 for conscientious objectors. Simon also requested a postponement of his induction, a reopening of his classification, and a personal appearance. Simon did not report for induction on June 24, 1970, and the board failed to take any action on his requests. This prosecution followed.

Simon argues that he was deprived of due process by the local board's failure to reopen his classification, following which reopening he would have had personal appearance and appeal rights. 32 C.F.R. § 1625.13. He urges that if 32 C.F.R. § 3165.2 (which provides for a reopening of a registrant's classification after the board has mailed an order to report for induction only if the board finds that there has been a change in the registrant's status resulting from circumstances over which the registrant has no control) is construed to bar such a reopening, the regulation is invalid because contrary to the statutory exemption of conscientious objectors from military service. 50 U.S.C.App. § 456(j). Finally, Simon challenges the order of call, arguing that the United States Attorney's refusal to prosecute in favor of immediate induction raises a presumption of accelerated induction.

Under Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), the challenged regulation, 32 C.F.R. § 1625.2, although it operates to bar such a reopening is valid. It follows that the board acted correctly, in refusing to reopen Simon's classification to consider a late crystallizing conscientious objector claim, raised after the mailing of the induction order. If Simon's conscientious objector beliefs had matured prior to the mailing of the induction order, refusal to reopen is equally valid. United States v. Nix, 437 F.2d 746, 747 (9th Cir. 1971); Dugdale v. United States, 389 F.2d 482, 484–485 (9th Cir. 1968). There was no denial of due process in the failure to reopen.

An order of call is not required when a registrant has previously failed to report. 32 C.F.R. § 1631.8(c). The United States Attorney's refusal to prosecute is consistent with the applicable regulation and with Simon's request for time to settle his affairs, after he indicated that he would follow the board's orders. Simon has produced no proof that the order of call underlying the original induction order was incorrect. *See* United States v. Lloyd, 431 F.2d 160, 170 (9th Cir. 1970). No inference can logically be drawn from the United States Attorney's original refusal to prosecute that the original order of call was irregular.

Affirmed.