**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David John STUPKE, Defendant-Appellant.**

**No. 71-2111.**

United States Court of Appeals,
Ninth Circuit.

Nov. 17, 1971.

Alan Saltzman (argued), of Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

Andrew Willing, Asst. U. S. Atty., (argued), Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS and CHOY, Circuit Judges and MUECKE, District Judge *

MUECKE, District Judge:

Appellant appeals his conviction of violation of 50 U.S.C. App. § 462. He complains that (1) he was erroneously retained in a 1–A classification following a February 5, 1969 induction when a

---

* Honorable C. A. Muecke, United States District Judge, District of Arizona, sitting by designation.

physical examination, his first at that time, showed him to be physically disqualified by reason of mononucleosis, and he therefore claims he was entitled to a 1–Y classification; and (2) he further complains that his claim for C.O. classification filed after he received notice of induction on May 25, 1970 was improperly rejected.

Appellant's first contention fails because he shows no prejudice as a result of his 1–A classification following his physical examination of February 5, 1969. He does not contend, and could not show, that he was improperly classified 1–A following his second physical examination on January 29, 1970, or that the February 5, 1969 classification caused the May 25, 1970 induction order to be issued prematurely; or that his October 5, 1970 claim for C.O. classification filed more than four months after the valid induction order of May 25, 1970 might have been timely had he been properly classified twenty months earlier.

Appellant's reliance on United States v. Zablen, 436 F.2d 1075 (9th Cir.1971) and United States v. Ward, 445 F.2d 261 (9th Cir.1971) is mistaken since both cases involve mistakes in classification which caused induction orders to be issued prematurely and therefore prejudicially. In United States v. Baray, 445 F.2d 949 (9th Cir. July 13, 1971), a misclassification cost the registrant a right to appeal. This does not help appellant either. Appeal in the *Baray* case would have been a meaningful right, since Baray had claimed C.O. classification prior to the misclassifications. Here, appellant shows no premature induction, nothing appears in the file prior to October 5, 1970 which would have made a right to appeal meaningful, and no other prejudice resulted from the alleged misclassification.

Appellant's second basis for appeal involves his claim for C.O. classification. He concedes that the Board had no duty to reopen his classification based on a post-induction request. Ehlert v. United States, 402 U.S. 99, 91 S.

Ct. 1319, 28 L.Ed.2d 625. He argues, however, that the Board, by basing its refusal to reopen upon findings going to the merits of his claim, i. e., that he was insincere and had not experienced a late crystallization of belief, that such findings in effect constituted a reopening, and that appellant was therefore entitled to full administrative due process flowing from such a reopening.

Appellant's argument was specifically rejected by this court in United States v. Hand, 443 F.2d 826, 827 (9th Cir. 1971). The Local Board rejected Hand's post-induction claim after an interview, and after a finding on the merits that Hand lacked the religious background and training to qualify for 1–0 classification. This court, in *Hand*, found that its decision was controlled by 32 C.F.R. 1625.2 and the rationale of Ehlert v. United States, *supra*, and therefore held

"The post-induction notice filing is entitled to no consideration. Accordingly, the fact that the Local Board in this case announced a wrong reason for its refusal to reopen Appellant's classification is of no moment."

We apply that view to this case.

Judgment affirmed.