**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donald LEE, Defendant-Appellant.**

**No. 71-2278.**

United States Court of Appeals, Ninth Circuit.

Jan. 6, 1972.

Herbert W. Yanowitz, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Asst. U. S. Atty. & Chief, Criminal Div., Joseph E. Reeves, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL, BROWNING and CHOY, Circuit Judges.

PER CURIAM:

Donald Lee appeals his conviction for failure to submit to induction in violation of 50 U.S.C. App. § 462. On April 30, 1969, Lee was ordered to report for induction on May 28, 1969. On May 13, he wrote his local board stating a claim to conscientious objector status and requesting Selective Service Form 150 for claiming that status, which was sent to him on May 19. He neither completed nor returned the form, but reported for and refused induction on May 28. Subsequently, on July 17, he requested another Form 150, which was sent to him, but again never returned. The local board has never considered Lee's conscientious objector claim on its merits. He was indicted, tried by a judge without a jury, and convicted.

Lee offered two defenses in the District Court and renews them on appeal. First, he argues that the local board erred in refusing to hear his conscientious objector claim. Second, he contends that he was called for induction out of order under the pre-lottery, oldest first draft system. We find no merit in either contention and affirm the conviction.

■ 1. Lee's request for change of status was not received until after he was ordered to report for induction. The local board had no obligation to re-open his case. 32 C.F.R. § 1625.2; Ehlert v. United States, 402 U.S. 99, 91 S. Ct. 1319, 28 L.Ed.2d 625 (1971); United States v. Simon, 448 F.2d 1272 (9th Cir. 1971). Lee's reliance on United States v. Stout, 415 F.2d 1190 (4th Cir. 1969) is misplaced. There the registrant gave sufficient notice to the local board that he claimed conscientious objector status before he received his induction notice. *Compare* United States v. Beaver, 309 F.2d 273 (4th Cir. 1962). Nor is Local Board Memorandum 41 applicable to a request for a conscientious objector form after induction has been ordered.

■ Finally, since a local board has a mandatory duty to supply a Form 150 to anyone who requests it, the forwarding of a duplicate copy to Lee after he notified the board that he had lost his original form did not constitute an extension, implied or otherwise, of the time in which he could file his claim. Lee's claim was never properly filed; the local board had no obligation to hear it.

■■ 2. Lee also contends that he was inducted out of order, proffering at least eleven examples of registrants who were older than he but ordered for induction after his notice was sent. While the improper processing of higher priority registrants does provide a defense to a failure to submit to induction, the registrant must establish that the local board violated a specific regulation and that the result delayed significantly the time at which higher priority registrants became fully acceptable for induction. Not every delay, however, indicates intentional delay, discriminatory

treatment, or favoritism. United States v. Smith, 443 F.2d 1278 (9th Cir. 1971). In none of the cases which Lee cites was the registrant ready for induction under then existing regulations. He cannot point to specific regulations which his board violated in delaying the induction of other registrants. In none of the cases presented did the delay seem arbitrary or discriminatory. Lee has not shown that the local board erred in ordering him for induction when it did.

Affirmed.