**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Albert SPADE, Defendant-
Appellant.**

**No. 71–1580.**

United States Court of. Appeals,
Ninth Circuit.

March 24, 1972.

Rehearing Denied June 5, 1972.

MacDonald, Hoague & Bayless, Seattle, Wash., for defendant-appellant.

Stan Pitkin, U. S. Atty., Ernest Scott, Jr., Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before JERTBERG and CARTER, Circuit Judges, and LUCAS,* District Judge.

PER CURIAM:

Following trial to the Court, William T. Beeks, C. J., appellant was convicted for refusing to submit to induction in violation of 50 U.S.C. App. § 462, and 32 C.F.R. § 1632.14.

BACKGROUND

Appellant registered with Local Board No. 29, Port Angeles, Washington, on March 9, 1965. In completing his Form 100, CLASSIFICATION QUESTIONNAIRE, appellant did not claim exemption under Series VIII, CONSCIENTIOUS OBJECTION. On March 17, 1965, he was classified I–S, and maintained his student deferment, eventually a II–S classification, until November 15, 1967, when he was placed in class I–A.

He appealed this classification, but requested no personal appearance. On January 17, 1968, appellant was retained in class I–A by the State Appeal Board.

On February 21, 1968, after having been physically examined, appellant was placed in class I–Y (qualified for military service only in time of war or national emergency). After re-examina-

---

* Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation.

tion in August, 1968, appellant was placed in class I–A on August 21, 1968; and on August 22, 1968, he was notified of his right to appeal. On August 28, 1968, he requested, by letter, an appointment with the Appeal Agent. On September 4, 1968, appellant's mother requested an appeal for her son on the grounds that he was the sole surviving son, had severe headaches, and a family hardship would be caused if he left.

On September 13, 1968, appellant met with the Appeal Agent and discussed with him the facts surrounding his mother's claim, his availability for a student deferment, and his continual headaches. The record discloses no discussion of a conscientious-objector claim at this time.

On September 19, 1968, appellant gave notice of appeal from the Local Board's classification of I–A, on the basis of his continuing headaches. He did not challenge the failure of the Appeal Agent or the Local Board to consider any conscientious-objector claims which he might then have had.

On October 2, 1968, appellant was classified I–A by the Appeal Board. On December 30, 1968, he was ordered to report for induction on January 22, 1969. Induction was delayed while appellant was re-examined for physical defects. He was found fully acceptable for induction into the Armed Services, and on March 13, 1969, was ordered to report for induction on April 23, 1969.

On April 10, 1969, appellant sent to the Local Board a short letter stating:

"I am a conscientious objector. I would appreciate having the proper forms sent to me to be filled out in regard to my claim. Thank you."

On April 14, 1969, SSS Form 150 was mailed to appellant, and on April 16, 1969, the State Director postponed appellant's induction until June 1, 1969, to allow time for processing the conscientious-objector claim.

On May 13, 1969, appellant returned his completed Form 150. On May 27, 1969, appellant attended a courtesy interview inquiring into his conscientious-objector claim.

On June 11, 1969, Local Board No. 29 forwarded appellant's file to the State Director. On June 16, 1969, the State Director returned the file to the Local Board, and advised the Local Board to notify appellant of the Board's decision not to reopen appellant's classification and to set a new induction date.

On July 2, 1969, the Local Board advised appellant of his new induction day of August 12, 1969. On that date, in response to a letter from appellant, the State Headquarters explained that the Local Board did not have authority to reopen his classification since appellant's claim for conscientious-objector status was filed after the issuance of the notice of induction.

Also on August 12, 1969, appellant refused induction. Prosecution, trial, and conviction ensued.

DISCUSSION

■ Appellant raises two issues on appeal: The first issue is that the appeal agent failed to advise the appellant that membership in a recognized church is not a prerequisite for conscientious-objector status, and also failed to advise appellant that application for conscientious-objector status must be made prior to the mailing of the induction notice. Appellant claims this is a denial of due process and vitiates his order to report for induction. The record does not show that appellant advised the appeal agent that appellant was opposed to participation in war. We thereofre reject this contention. Appellant's second issue involves whether the Local Board was authorized to reopen appellant's case by the State Director and whether the failure of the Board to reopen in the face of a prima facie case for a conscientious-objector classification denied appellant due process and vitiated the order to report for induction.

On April 14, 1969, the day that the Local Board mailed SSS Form 150 to appellant, the Board also requested that

the State Director postpone appellant's induction "to allow time to process conscientious-objector claim." On April 16, 1969, the State Director responded:

"The induction of this registrant is hereby postponed until June 1, 1969, pursuant to section 1632.2(a), Selective Service Regulations, in accordance with the request of your local board."

The State Director has the power to direct a Local Board to reopen a registrant's classification. 32 C.F.R. § 1625.3(a).

The Local Board requested that the State Director postpone appellant's induction "to allow time to process conscientious-objector claim." The response of the State Director on April 16, 1969, quoted above, merely postponed induction in accordance with the request of the Local Board. There is no language in the letter from the State Director that could reasonably have led the Local Board to believe it could have or should have considered information in appellant's file other than his claim for conscientious-objector status in its attempt to determine, pursuant to 32 C.F.R. § 1625.2, if appellant should have been granted a reopening.

Thus, an examination of the facts here discloses no denial of appellant's procedural rights by the Local Board's postponement of the *induction* date, scheduling of a courtesy interview, and setting of a new induction date.

Therefore, we reject appellant's contentions that the order to report was vitiated by refusal of the Local Board to reopen the case following receipt of the April 16, 1969, letter from the State Director.

Finally, we decide that this case is controlled by Ehlert v. United States, 422 F.2d 332 (9th Cir. 1970), aff'd, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). The record indicates that crystallization of appellant's conscientious-objector beliefs occurred, if at all, after the order to report for induction was mailed.

In *Ehlert* the registrant was ordered to report for induction and thereafter sought to reopen his classification in order to establish his status as a conscientious objector. The Court held in *Ehlert*, at 335:

"We conclude that a crystallization of, or a change in, a registrant's views on conscientious objection is not a change in his status resulting from circumstances over which he has no control, within the meaning of 32 C.F.R. § 1625.2."

While the record indicates that at appellant's meeting with the Appeal Agent, which was prior to the induction order, there was no mention of appellant's objection to war, the possibility remains that appellant's alleged views on war, though not mentioned to the Appeal Agent, had crystallized prior to the induction order. Under such facts, United States v. Hand, 443 F.2d 826 (9th Cir. 1971), controls. At 827 of *Hand* the Court said:

"Under the *Ehlert* rationale, it makes no difference whether the crystallization of the conscientious objections occurred before or after the order for induction. The post-induction notice filing is entitled to no consideration."

Because we have found no procedural error in the processing of appellant's case by the Selective Service System, and that *Ehlert* controls situations in which the registrant files a claim for conscientious-objector status after the issuance of the order for induction, the decision of the District Court is affirmed.