**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Steven Allen BOYD, Defendant-
Appellant.**

**No. 72-1252.**

United States Court of Appeals,
Ninth Circuit.

Jan. 22, 1973.

Jerome Fishkin (argued), San Francisco, Cal., for defendant-appellant.

John F. Cooney, Jr., Asst. U. S. Atty. (argued), F. Steele Langford, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

### ORDER

Before CARTER and HUFSTEDLER, Circuit Judges, and MURRAY,* District Judge.

The cause is ordered submitted.

On the authority of United States v. D'Arcey (9th Cir. en banc 1972) 471 F. 2d 880, the judgment is reversed with directions to dismiss the indictment.

JAMES M. CARTER, Circuit Judge (dissenting):

The order in this case relies for reversal on United States v. D'Arcey (9 Cir. in banc) 471 F.2d 880. That case reversed D'Arcey's conviction because of the failure of the local board to afford him an individual medical review pursuant to 32 C.F.R. § 1628.2(b) then in ef-fect. I dissent for the reasons stated by Judge Kilkenny in his dissent in *D'Arcey*.

But there are more convincing reasons why the judgment in this case should be affirmed.

After his classification as I-A and notification thereof on July 8, 1969, the local board received from appellant on July 29, a letter advising he was ill with hepatitis. On August 29, 1969, the local board requested that appellant have his doctor verify the illness.

On September 24, 1969 the local board received a letter from appellant's doctor. The letter stated that appellant had contracted hepatitis in early May of 1969 and stated:

"During the course of the current illness, he has developed a rather severe depressive reaction and he is currently being referred to a psychiatrist for further care."

The letter also stated:

"He has a history of a rather severe depressive reaction and he has been under psychiatric care during the last year."

Army Regulations (A.R. 40–501, Chapter 2, paragraph 2–3–g) provide as *disqualifying*, *"Hepatitis* within the proceeding 6 months, or persistence of symptoms after a reasonable period of time with objective evidence of impairment of liver function," and *"Psychoneuroses"* [A.R. 40–501, Chapter 2, paragraph 2–33.]

A *prima facie* case for re-classification is made only when the registrant states new facts which, if true, would justify reclassification. 32 C.F.R. 1625.2, Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). The doctor's letter above and a further letter from the doctor on August 4, 1970 refers to "depressive reaction." There is no reference to psychoneuroses or to neuroses or psychosis.

C.F.R. 1628.2(b) requires a board to order a registrant for a medical exami-

---

* Honorable William D. Murray, United States Judge for the District of Montana, sitting by designation.

nation only if he claims one or more of the physical defects listed in A.R. 40–501.

The disqualifying grounds in the Army Regulations are passed upon by a local board of lay persons. The disqualifying grounds should be limited by the courts to the specific grounds set forth in the regulations. As Judge Trask states in his concurring and dissenting opinion in United States v. D'Arcey, *supra*, the board should not be required to "play doctor" or make nice distinctions in such matters. There is a clear difference between a "depressive reaction" and a neurosis or a psychosis. To require a local board to equate a depressive reaction with psychoneuroses is unjustified. See Judge Trask's opinion in *D'Arcey, supra*, discussing hypoglycemia and hyperinsulinism.

Therefore, appellant was not entitled to a medical examination nor did he present facts sufficient to require a reopening of his classification. *Mulloy, supra*.

As to the hepatitis, the doctor's letter received September 24, 1969, showed that appellant contracted the disease in early May 1969. There was no reference to impairment of liver function. Almost five months had passed since appellant had contracted the disease.

At the time of his pre-induction physical on August 18, 1970, he presented a letter verifying that the hepatitis had "cleared without problems." He was found qualified for induction. He was notified of his acceptability on August 31, 1970 and on September 21, 1970 ordered to report for induction on October 28, 1970. At that time he was given a neuropsychiatric consultation and found acceptable. He refused induction.

Appellant's hepatitis claim fails for various reasons. The letter of September 24, 1969 did not require a reopening. The disease was then five months old and within a month the six-month period required in the regulation would expire. There was no showing of impairment of liver function. Sufficient facts were not presented to require a reopening of his classification or to refer him for a medical examination when the disease would shortly run its course.

Nor do we believe appellant suffered any prejudice. He contends that if he had been classified I-Y after the board received the doctor's letter on September 24, 1969, then, had he been reclassified I-A after his pre-induction physical of August 18, 1970, he could have taken an appeal; since he was not classified I-Y he lost his right to appeal a new classification.

Such an appeal would have been meaningless. He was cured of the hepatitis by August 18, 1970. A letter he then submitted to the board so states.

United States v. Stupke (9 Cir. 1971) 451 F.2d 997 is in point. There the registrant at a pre-induction examination on February 5, 1969 was found to have mononucleosis, a disqualifying disease. At a second physical on January 29, 1970 he was found acceptable. The court found no prejudice was shown. "He does not contend and could not show, that he was improperly classified I-A following his second physical on January 29, 1970 or that the February 5, 1969 classification caused the May 25, 1970 induction order to be issued prematurely . . ." p. 998. To reverse, because the registrant was denied a meaningless appeal which could delay his induction, would be absurd.

United States v. Miller (9 Cir. 1972) 455 F.2d 358 and United States v. Ford (1 Cir. 1970) 431 F.2d 1310, on which *Miller* relies, do not require a different result. Each case is premised on the fact that the letters from the registrants' doctors were sent directly to AFEES and that the boards proceeded to process the registrants without reviewing the doctors' letters. The holdings of the cases above are that the boards abdicated their duty to review.

In our case the doctor's letter of September 24, 1969 came to the board. We can assume the board saw it, since it sent the letter to the medical advisor for evaluation on April 29, 1970. The medi-

cal advisor found the appellant not disqualified on May 20, 1970, and so advised the board. *Thereafter* the board, on June 2, 1970, ordered appellant for a pre-induction physical examination.

The board, unlike *Miller* and *Ford*, performed its statutory Duty. By June 2, 1970 a year had passed since the onset of the hepatitis. The board did not try to process or induct appellant during this period.

A local board is entitled to a reasonable time to reclassify a registrant or refer him for a medical examination. We see no error in the local board waiting until June 2, 1970 to order him for a pre-induction physical examination on June 16, 1970. (When he did not report he was again ordered for a physical, to be given on August 18, 1970.) The fact that the board waited until a year after the onset of the hepatitis to process appellant, was not unreasonable. The Army Regulations fixed a six-month period for hepatitis to be disqualifying. Five months had elapsed when it received the doctor's letter of September 24, 1969. Any delay in processing appellant accrued to his benefit.

The judgment should be affirmed.