**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jeffrey Brent STOW, Defendant-Appellant.**

**No. 72–1651.**

United States Court of Appeals, Ninth Circuit.

March 8, 1973.

J. B. Tietz (argued), Los Angeles, Cal., for defendant-appellant.

Lee Osborne, Asst. U. S. Atty., (argued), Eric A. Nobles, Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before ELY, HUFSTEDLER and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

Jeffrey Brent Stow was convicted of refusing to submit to induction in violation of 50 U.S.C.App. § 462(a). He makes three contentions. We find them unmeritorious and therefore affirm.

Stow contends that the local board should have reopened his classification when he requested a conscientious objector form *after* his local board mailed his order to report for induction. On November 17, 1970, the local board mailed an order to report to the address last reported to it by Stow. The order was returned marked: "Moved, left no address." In spite of reasonable efforts, the board was unable to contact Stow. On December 4, 1970, Stow notified the board of his whereabouts. It was on this date, for the first time, that Stow requested a form to apply for conscientious objector status.

The request for a change of classification was not timely because it was requested after the induction order had been mailed. 32 C.F.R. § 1625.2 provides:

The classification of a registrant shall not be reopened after the local board has mailed to such registrant an Or-

der to Report for Induction . . . unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.

■ Lack of timeliness can be obviated only by a showing that the tardiness was due to circumstances over which Stow had no control. This he has not done. On April 7, 1971, the local board, pursuant to an order from the State Director of Selective Service, reviewed Stow's claim of conscientious objection pursuant to 32 C.F.R. § 1625.2. The board specifically found that there had not been a change resulting from circumstances over which Stow had no control. That finding is supported by the record.[1]

■ In Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), the Supreme Court was confronted with the question of whether crystallization of conscientious objector beliefs after the mailing of a notice to report for induction constituted a "circumstance over which the registrant had no control." Without deciding ". . . the nature of 'control' over one's own conscience . . ." the Supreme Court stated that ". . . since the meaning of the language is not free from doubt, we are obligated to regard as controlling a reasonable, consistently applied administrative interpretation if the Government's be such." 402 U.S. at 105, 91 S.Ct. at 1323. In accepting the government's contention that his crystallization did not constitute a cir-

cumstance over which Ehlert had no control the Court went on to state:

> The Government's interpretation is a plausible construction of the language of the actual regulation, though admittedly not the only possible one. Given the ambiguity of the language, it is wholly rational to confine it to those "objectively identifiable" and "extraneous" circumstances that are most likely to prove manageable without putting undue burdens on the administration of the Selective Service System. 402 U.S. at 105, 91 S.Ct. at 1323.

As a result of *Ehlert,* it becomes clear that for purposes of 32 C.F.R. § 1625.2, the crystallization of conscientious objector beliefs after a notice of induction is not a change in the registrant's status resulting from circumstances over which he had no control. The Court explained the rationale behind its holding:

> A regulation barring post-induction notice presentation of conscientious objector claims, with the proviso mentioned, would be entirely reasonable as a timeliness rule. . . . Allocation of the burden of handling claims that first arise in the brief period between notice and induction seems well within the discretion of those concerned with choosing the most feasible means for operating the Selective Service and military systems.[2] *Id.* at 102, 91 S.Ct. at 1322.

■ Furthermore, Stow cannot rely on the fact that he requested his conscientious objector form before he received his induction order for three reasons. First, he did not receive his order

---

1. After his induction order had been mailed, Stow wrote to the local board requesting a conscientious objector form. He specifically offered late crystallization as his reason for the request. He said:

    *Very recently my beliefs have become to* (sic) *strong* (I think the expression "fixed" would be the word) that I again ask for the form.

    I will fill it out and send it back promptly. I have thought about this mat-

ter a great deal and *have finally made up my mind, I mean that my conscience has now made it up for me.* (Emphasis added.)

2. The proviso referred to is that the military provide adequate means of due process so "that no inductee could be ordered to combatant training or service before a prompt, fair, and proper in-service determination of his claim." 402 U.S. at 101, 91 S.Ct. at 1322.

promptly because of his own failure to supply the board with a current mailing address. Second, the mere request of a conscientious objector form with nothing more does not present a prima facie claim. United States v. Lloyd, 431 F.2d 160 (9th Cir. 1970), cert. denied, 403 U.S. 911, 91 S.Ct. 2210, 29 L.Ed.2d 688 (1971); United States v. Enslow, 426 F.2d 544 (9th Cir. 1970). Third, the cutting point of timeliness is the date of mailing, not the date of receipt. 32 C.F.R. § 1625.2; cf. Ehlert v. United States, *supra*.

Stow next contends that the local board improperly denied him a hearing. He had made two requests for a personal appearance, both of which were made after the board mailed his induction order. The purpose of his requests was to support his conscientious objector claim. As that claim could not be heard on the merits because it was untimely, Stow cannot claim any procedural rights' violation. 32 C.F.R. § 1625.2; cf. United States v. Stupke, 451 F.2d 997, 998 (9th Cir. 1971).

Finally, Stow contends that the original induction order lapsed. This argument is based on 32 C.F.R. § 1632.2, which allows a maximum postponement of induction of 120 days. A similar factual situation arose in United States v. Foster, 439 F.2d 29, 31 (9th Cir. 1971) where we held:

> Since, however, every postponement, including those occurring after the 120 day period had run, was granted at appellant's specific request or was due to his actions and all were for his benefit, we feel we would be taking an unnecessarily rigid approach by saying, in effect, that the local board does not have the discretion to aid the registrant by allowing him more time than the regulations specify.

The vast majority of delays in the instant case can be attributed directly to Stow's own actions, or were the actions of the Selective Service Board for his benefit. Stow's claim that the order lapsed and that a new order should have been issued, thereby allowing him an opportunity to prosecute his conscientious objector claim, is rejected.

Affirmed.