**UNITED STATES of America,**
**Appellee,**

v.

**Richard David GERSTLE,**
**Appellant.**

**No. 73–1298.**

United States Court of Appeals, Ninth Circuit.

Sept. 6, 1973.

---

Sull Lawrence (argued), Beverly Hills, Cal., for appellant.

John W. Cameron, Asst. U. S. Atty. (argued), Robert L. Meyer. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL and WALLACE, Circuit Judges, and CONTI,* District Judge.

CONTI, District Judge.

Defendant, in this selective service case, was convicted after court trial on two counts of refusal to submit to induction, and has appealed.

Defendant was classified I–A in December, 1970, and did not appeal that classification. On April 6, 1971, he was mailed an order to report for induction on April 20, 1971. He filed a Form 150 for Conscientious Objectors on April 16, 1971. His induction was then postponed until June, 1971. On April 22, 1971, the local board refused to reopen his classification and stated in a letter to defendant that it did not "specifically find that there has been a change in status resulting from circumstances over which you had no control." (SSF 82) Defendant was then ordered to report for induction on May 25, 1971. On May 24, 1971, he applied for a ministerial deferment. Induction was again delayed and again the local board refused to reopen. Induction was set for November 15, 1971, and defendant failed to report. He was again ordered to report on May 23, 1972, and again failed to report.

Defendant's appeal is based upon several arguments which will be dealt with below:

(1) *Re the C. O. Claim*

■■ Appellant makes the argument that the Board was obligated to reopen his classification when he filed his claim after notice of induction. This argument has no merit. In addition, the local board was not required to give reasons for denial of the reopening. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).

■■ Appellant further argues that the postponement of his induction to an indefinite date required that the board reopen, whether or not there is a finding of changed circumstance. There is no support for this argument and the court is not persuaded. There was no cancellation of the induction order, nor was there a de facto reopening. In addition, the delay of induction (actual delay was thirty-five days) did not cancel the induction order. United States v. Stow, 474 F.2d 1132 No. 72–1651 (9th Cir. March 8, 1973).

(2) *Re the Ministerial Claim*

■ The ministerial claim was also filed after receipt of a notice of induction and the board refused to reopen. Such a claim does not involve a circum-

* Honorable Samuel Conti, United States District Judge, Northern District of California, sitting by designation.

stance over which the registrant has no control. Reopening was properly denied. United States v. Maciel, 469 F.2d 718 (1972).

Affirmed.