**Walter L. SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24262.**

United States Court of Appeals, Ninth Circuit.

March 31, 1970.

Alan Saltzman, Hollywood, Cal., for appellant.

Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before TUTTLE,* ELY and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant appeals from conviction on a one count indictment charging him with refusal to submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462. We affirm.

On appeal he contends: (1) that the war in Vietnam is illegal. Inasmuch as appellant may not go to Vietnam, the issue would seem to be moot. Be that as it may, this type of an allegation is not a defense to a prosecution for failure or refusal to submit to induction. United States v. Leavy, 422 F.2d 1155 (9th Cir., 1970); Rusk v. United States, 419 F.2d 133 (9th Cir. 1969); United States v. Mitchell, 369 F.2d 323, 324 (2d Cir. 1966), *cert. denied* 386 U.S. 972, 87 S.Ct. 1162, 18 L.Ed.2d 132; (2) he claims a violation of the equal protection and due process clauses of the Constitution in that the Selective Service Act does not conscript men in the war industries which profit by war, and exempts men under 18½ and over age 26. This issue has been answered against appellant's contentions. Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884 (1954); Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948); Bertelsen v. Cooney, 213 F.2d 275 (5th Cir. 1954), *cert. denied* 348 U.S. 856, 75 S.Ct. 81, 99 L.Ed. 674. The equal protection clause, as provided in the Fourteenth Amendment, or as implied in the

---

* Honorable Elbert Parr Tuttle, Senior United States Circuit Judge, Fifth Circuit, sitting by designation.

due process clause of the Fifth Amendment, merely requires that all legislative classifications have a reasonable basis and that everyone placed within a classification be treated similarly. These classifications meet all requirements; (3) that appellant is being denied due process of law because he is being required to engage in a war which is not authorized by law. Appellant cites no authority, nor do we find any supporting this contention; (4) that the religious training and belief requirement of the statute is unconstitutional because it violates the First Amendment. He relies on United States v. Sisson, 297 F.Supp. 902 (D.Mass.1969), prob. juris. postponed 396 U.S. 812, 90 S.Ct. 92, 24 L.Ed.2d 65. This circuit has declined to follow the *Sisson logic.* Negre v. Larsen, 418 F.2d 908 (9th Cir. 1969); and (5) lastly, appellant contends that the statute requires appellant to subject himself to criminal prosecution in order to challenge his classification. This contention is without substance. Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968); O'Brien v. United States, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).

We find nothing in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), which is of help to appellant.