**UNITED STATES of America,**
**Appellee,**

v.

**Paul Norman THAXTER, Appellant.**

**No. 25709.**

United States Court of Appeals,
Ninth Circuit.

Jan. 8, 1971.

Michael E. Somers (argued), of So-
mers, Fox & Kallen, Santa Monica, Cal.,
for appellant.

George G. Rayborn (argued), Asst. U.
S. Atty., Robert L. Meyer, U. S. Atty.,
David R. Nissen, Chief, Crim. Div., for
appellee.

Before KOELSCH and ELY, Circuit
Judges, and TAYLOR, District Judge.*

PER CURIAM:

Thaxter appeals his conviction
for having refused to be inducted into
the armed forces. 50 U.S.C.App. § 462.
Of the numerous grounds for reversal
urged by Thaxter, two are meritorious.[1]

---

* Honorable Fred M. Taylor, United States
District Judge, Boise, Idaho, sitting by
designation.

1. Other contentions are:
(1) That the members of the Local
Board must " * * * be residents of

Consequently, under the authority of Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), and Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970), we reverse.

At age eighteen Thaxter informed his local Selective Service Board that he was a conscientious objector, but he was not then ready fully to articulate his claim for a conscientious objector (I–O) exemption. A year and a half later, upon termination of his student deferment, Thaxter requested of his Board a Claim for Conscientious Objector (SSS Form 150). Rather than completing and returning this form, Thaxter sent his Local Board an article which he had authored and which expressed his pacifist philosophy. The Board then classified him I–A, ordered him to take his pre-induction physical examination, and declared him delinquent for his failure to appear for that examination. The delinquency regulations were later held, in *Gutknecht, supra,* to be without statutory authority.

Thaxter's rights were substantially affected by the delinquency classification and the subsequent order for induction. After having been declared a delinquent, Thaxter was granted an appeal and a Department of Justice Hearing. The Hearing Officer noted that Thaxter had been an active participant in the First Baptist Church and that at age seventeen he had withdrawn from the church because he could not accept the concept of Heaven and Hell. The Hearing Officer found "that the registrant is an idealistic pacifist," but concluded that the "registrant's claim is based upon essentially political, sociological, and philosophical views, which, in sum total, amount to a personal moral code." Although Thaxter stated that he opposed the Selective Service System because it imposed involuntary servitude and that he would not serve the System in any way, he also stated that his beliefs were based upon the Sermon on the Mount and the "Nuremburg" principle. He wrote that he believed in a hierarchy of divine beings and that "every man is born with the right to life and freedom, and no man possesses the right to rule or destroy another."

The Supreme Court, in defining and expanding the standard for conscientious objection, has recently declared that those *not* entitled to a conscientious objector's exemption are "those whose beliefs are not deeply held and those whose objection to war does not rest *at all* upon moral, ethical, or religious principle but instead rests *solely* upon considerations of policy, pragmatism, or expediency." *Welsh, supra,* 398 U.S. at 342–343, 90 S.Ct. at 1798 (emphasis added). The Court also wrote that "[w]e certainly do not think that § 6(j)'s exclusion of those persons with 'essentially political, sociological, or philosophical views or a merely personal moral code' should be read to exclude those who hold strong beliefs about our domestic and foreign affairs or even those whose conscientious objection to participation in all wars is founded to a substantial extent upon considerations of public policy." *Id.* at 342, 90 S.Ct. at 1798. Since Thaxter's sincerity has not been ques-

---

the area in which their Local Board has jurisdiction" (32 C.F.R. § 1604.52 (c)). Our court has held that the cited regulation, since rescinded, is directory, not mandatory. United States v. Berger, 434 F.2d 610 (9th Cir. 1970); United States v. Wallace, 435 F.2d 12 (9th Cir. 1970); United States v. Reeb, 433 F. 2d 381 (9th Cir. 1970); *see* Czepil v. Hershey, 425 F.2d 251 (7th Cir.), cert. denied, Czepil v. Tarr, 400 U.S. 849, 91 S.Ct. 44, 27 L.Ed.2d 87 (1970).

(2) That the requirement of religious training and belief as a basis for con-

scientious objection violates the First Amendment. This contention has been rejected. Smith v. United States, 424 F.2d 267 (9th Cir. 1970); Negre v. Larsen, 418 F.2d 908 (9th Cir. 1969).

(3) That since Thaxter refused to be inducted before being asked to step forward and since he was not warned that he could complete his preinduction processing before refusing induction, then he could have been prosecuted only for failure to cooperate. This argument is without merit.

tioned and since he falls within the *Welsh* expansion of the conscientious objection standard, we cannot see that there was a basis in fact for the denial of his claim for the conscientious objector (I–O) classification.

Upon remand, the indictment will be dismissed.

Reversed.