Robert G. BENSING, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 76–1125.

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 26, 1977.
Decided March 22, 1977.

John P. Hartman, Booz, Hartman & Lee, Wheat Ridge, Colo., for plaintiff-appellant.

Jerre W. Dixon, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for defendant-appellee.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Robert G. Bensing (Bensing) appeals the dismissal of his complaint and cause of action for declaratory judgment, filed pursuant to 28 U.S.C.A. § 2201 and 28 U.S.C.A. § 1346.

Bensing sought to have 10 U.S.C.A. § 8287 declared unconstitutional insofar as it denied him promotion or retirement credit for commissioned military service performed before his 21st birthday. He also sought damages for the recordation of an erroneous promotion list service date in his personnel file which precluded his being considered for a promotion for one year. The facts are not in dispute and will be developed insofar as necessary for the disposition of the issues presented.

Bensing enlisted in the armed forces in February, 1943. He served on active duty until November, 1945, during which he accumulated approximately 14 months of commissioned service prior to his 21st birthday. This accumulated service could not be considered for promotion or retirement credit under Section 8287, which provides, in part:

(a) For the purpose of determining grade, position on a promotion list,

seniority in his grade in the Regular Air Force, and eligibility for promotion, a person . . . shall be credited, at the time of his appointment . . .

(1) with the active commissioned service in the armed forces that he performed after becoming 21 years of age and before his appointment;

Under Section 8287, Bensing clearly could not receive credit for promotion or retirement for commissioned service accumulated prior to his 21st birthday.

Bensing was recalled into active duty in April, 1951. He served continuously until his involuntary retirement in October, 1971, after he had attained the rank of major. During this period Bensing was erroneously assigned a promotion list service date of January 19, 1951, when in fact his correct promotion list service date was September 19, 1950. As a result of this error, Bensing was first considered for selection to major in 1962 rather than in 1961.

Bensing petitioned that Section 8287 be declared unconstitutional insofar as it deprived him of credit for commissioned service performed prior to his 21st birthday; that he be promoted to the permanent grade of lieutenant colonel with date of rank, back pay, and allowances restored retroactively in accordance with the correction of the recordation of the erroneous promotion list service date; and that he be recalled to active duty at the grade of lieutenant colonel.

Appellee United States responded that Section 8287 was constitutional in that it was enacted to allow reserve officers to obtain benefits they could not obtain in the reserves, including crediting their pre-21 service time for pay, retirement, and longevity. The United States concedes that an administrative error in the recordation of Bensing's promotion list service date delayed his being considered for the rank of major until 1962, when in fact he should have been considered in 1961.

In dismissing the action the trial court concluded as a matter of law that Bensing had failed to establish that in the absence of the administrative error in the recordation of his promotion list service date he would have been promoted in 1961. The court also concluded that Section 8287 did not create an invidious discrimination violative of Bensing's constitutional rights.

On appeal Bensing contends that (1) Section 8287(a)(1) violates the Due Process Clause of the Fifth Amendment by failing to credit active commissioned service performed prior to one's becoming 21 years of age, and (2) he was wrongfully denied *consideration* for promotion due to an admitted error in his military records.

I.

Bensing contends that the failure of Section 8287 to give credit, for purposes of promotion and retirement, for commissioned service performed prior to the age of 21, is arbitrary and unreasonable in that it bears no reasonable relation to any legitimate governmental objective. Bensing argues that there is no rational basis for treating people differently for purposes of promotion and retirement, merely because of age difference, when they are performing identical services for their country. Bensing states that age classifications "may be constitutional where they reflect some real difference."

In rebuttal the United States points out that Section 8287 was enacted to allow reserve officers to obtain benefits they would not have obtained in the reserve ranks. It also provides a uniform avenue of computing seniority in grade for regular members of the armed forces, and as such cannot be considered an arbitrary classification of individuals.

■ We hold that the trial court properly found Section 8287 to be constitutional and valid. The Due Process Clause bars only patently arbitrary classifications utterly lacking in rational justification. *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). Legislative classifications will be upheld if they are reasonable, have a fair and substantial relation to the object of the legislation, and cause "all

persons similarly circumstanced" to be treated alike. *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). Statutory classifications are set aside only if no grounds can be conceived to justify their existence. *McDonald v. Board of Election Commissioners of Chicago*, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969); *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). Imperfect classifications do not offend the Constitution simply because in practice they result in some inequality. *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). *See also: Jefferson v. Hackney*, 406 U.S. 535, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972); *Gillette v. McNichols*, 517 F.2d 888 (10th Cir. 1975); *Leggroan v. Smith*, 498 F.2d 168 (10th Cir. 1974).

Due process is inherently flexible:

. . . Besides, what is due process of law must be determined by circumstances. To those in the military or naval service of the United States the military law is due process.

*Reaves v. Ainsworth*, 219 U.S. 296, at 304, 31 S.Ct. 230, at 233, 55 L.Ed. 225 (1911).

■ A court must be ever alert to refuse to sit as a super-legislature to weigh the wisdom of legislation, or to invoke the Due Process Clause so as to strike down laws or regulations simply because the Court may believe that they are unwise or improvident. *Ferguson v. Skrupa*, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963). Military age classifications are necessarily constitutional:

. . . he claims a violation of the equal protection and due process clauses of the Constitution in that the Selective Service Act does not conscript men in the war industries which profit by war, and exempts men under 18½ and over age 26. This issue has been answered against appellant's contentions. *Bolling v. Sharpe*, 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884 (1954); *Goesaert v. Cleary*, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948); *Bertelsen v. Cooney*, 213 F.2d 275 (5th Cir. 1954), *cert. denied* 348 U.S. 856, 75 S.Ct. 81, 99 L.Ed. 674. The equal protec-

tion clause, as provided in the Fourteenth Amendment, or as implied in the due process clause of the Fifth Amendment, merely requires that all legislative classifications have a reasonable basis and that everyone placed within a classification be treated similarly. . . .

*Smith v. United States*, 424 F.2d 267, at 268–269 (9th Cir. 1970).

## II.

Bensing contends that he was wrongfully denied *consideration* for promotion due to the recordation of an erroneous promotion list service date in his military personnel records. This point is conceded by the United States. Bensing also contends that the trial court erred in ruling that in order for him to state a claim upon which relief could be granted, he must establish that he was not promoted due to the incorrect promotion list service date. Bensing presents this contention in summary fashion, without cited authorities or cogent argument and without a showing that but for the error he would have been promoted at an earlier date.

■ We hold that the trial court properly concluded that Bensing had failed to sustain his burden of establishing damages. Bensing was afforded an administrative review by the Secretary of the Air Force acting through the Air Force Board for the Correction of Military Records. We cannot supersede the denial of their relief. As noted in *Orloff v. Willoughby*, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953):

We know that from top to bottom of the Army the complaint is often made, and sometimes with justification, that there is discrimination, favoritism or other objectionable handling of men. But judges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian.

Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters. While the courts have found occasion to determine whether one has been lawfully inducted and is therefore within the jurisdiction of the Army and subject to its orders, we have found no case where this Court has assumed to revise duty orders as to one lawfully in the service. 345 U.S., at 93–94, 73 S.Ct., at 540.

WE AFFIRM.